# Gensemer v. Conestoga Traction Company, Appellant.

*Negligence—Street railways—Passengers alighting from car—Duty of motorman.*

In an action to recover damages for personal injuries against a street railway company by a woman over seventy years of age who was injured while attempting to alight from a car the case is for the jury, and a verdict and judgment for the plaintiff will be sustained where it appears that the woman boarded the car in a city for the purpose of going to a graveyard two or three miles distant; that she notified the conductor that she wished to get off at the graveyard, where there was a usual stopping place with a platform upon which passengers could alight, but instead of stopping there the car ran about sixty feet beyond, and where it stopped there was a ditch on the side of the track upon which the plaintiff wished to alight; that plaintiff rode in the front seat of the car, which was crowded, and when it stopped she went out on the front platform, having seen that passengers were standing in the aisle and on the rear platform; that when she went onto the front platform she said to the motorman that it looked a little steep there, and he told her to wait, as it was pretty high, and he would assist her, and plaintiff, although contradicted by the motorman, testi-

fies that the motorman asked her to give him her hand, and after she did so, he let go of it as she was in the act of stepping down, and she fell into the ditch or gutter, sustaining the injuries complained of.

Argued May 13, 1912. Appeal, No. 134, Jan. T., 1911, by defendant, from judgment of C. P. Lancaster Co., March T., 1910, No. 18, on verdict for plaintiff in case of Mary A. Gensemer v. Conestoga Traction Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before HASSLER, J.

The opinion of the Supreme Court states the case. Verdict for plaintiff for $2,100 and judgment thereon.

*Error assigned* was refusal to direct verdict for the defendant.

*W. U. Hensel,* for appellant.

*B. F. Davis,* for appellee.

OPINION BY MR. JUSTICE BROWN, July 2, 1912:

The appellee, a woman over seventy years of age, was injured while attempting to alight from a car of the defendant company. She boarded it in the city of Lancaster, for the purpose of going to a graveyard two or three miles distant. She notified the conductor that she wished to get off at the graveyard, where there was a usual stopping place with a platform upon which passengers could alight. Instead of stopping there, the car ran about sixty feet beyond, and where it stopped there was a ditch on the side of the track upon which the appellee wished to alight. She rode in the front seat of the car, which was crowded. When it stopped she went out on the front platform, having seen that passengers were standing in the aisle and on the rear

platform.    When she went onto the front platform she
said to the motorman that it looked a little steep there,
and he told her to wait, as it was pretty high, and he
would assist her.    According to her testimony, he asked
her to give him her hand, and, after she did so, he let go
of it as she was in the act of stepping down, and she
fell into the ditch or gutter, sustaining the injuries
for which she seeks compensation in this action.    The
testimony of the motorman as to what took place be-
tween them differs very materially from hers, and, if
he was to be believed, she did not wait for his assist-
ance, but jumped from the car.    The credibility of both
these witnesses was for the jury, and, as they believed
the appellee, her version of what took place must be
accepted as the true one.

The duty of a motorman on an electric car is to con-
trol its movements under the direction of the conduc-
tor, and no other duty ought to be assigned to him.    If
due regard is to be given to the safety of passengers,
he has enough to do in carefully starting, running and
stopping his car, and the place for his hand is on the
controller of the motor.    But, while it is not strictly,
his duty to help a passenger to alight, it is the duty of
his company to see that all passengers upon its cars
have an opportunity to alight in safety, for they con-
tinue to be passengers until they have a reasonable op-
portunity to depart from the cars in safety: Brooks v.
Philadelphia & Reading Ry. Co., 218 Pa. 1.    The plain-
tiff did nothing that she ought not to have done in at-
tempting to get off from the front platform of the car,
for the aisle was blocked by passengers and the rear
platform was full of them; and it was the natural and
proper thing for the motorman, who had run the car
beyond the usual and safe stopping place, to offer to
assist her in getting off, and, having offered to per-
form what may be regarded as a duty of the company,
under the circumstances—to see that she got off safely
—the question for the jury's consideration was whether

he had been careless and negligent in doing so.  This was the question submitted to the jury, and not to have submitted it to them would have been error.  In the statement of the questions involved the contributory negligence of the plaintiff is given as one of them, but as it does not seem to be pressed, all that need be said of it is that the jury were instructed that she could not recover if she had done or failed to do anything which she should not have done, or should have done, and thereby contributed in the slightest degree to the accident.

The assignments of error are overruled and the judgment is affirmed.