# Hager et al. *v.* Philadelphia & Reading Railway Company, Appellant.

*Negligence — Railroads — Contributory negligence — Passenger alighting from train—Duties of brakeman—Proximate cause—Court and jury.*

1. It is the duty of a common carrier of passengers to exercise the highest practical degree of care and to afford them a safe means of ingress and egress to and from the car or other vehicle of transportation.

2. A railroad company is liable for the negligent acts of employees while assisting passengers to and from its cars.

3. In an action of trespass by a husband and wife to recover for personal injuries to the wife, it appeared that plaintiffs took passage on one of defendant's excursion trains to go to a certain park with a large party for an annual picnic. Where the trains stopped at the park there was a gravel or cinder walk used as a platform, which was at least three feet below the bottom step of passenger cars; making a step or jump-down of that distance in alighting. The evidence for plaintiffs was to the effect that the train was filled with passengers and as it stopped the brakeman at the rear of the car in which they were riding called "This way out"; and that the husband was the first passenger to go out the rear door and off the car; and that he, seeing a brakeman there to assist the ladies, went in search of a table and benches for the picnic dinner; that the wife coming out after several other passengers, walked down the car steps and saw a brakeman standing on the walk, who with his left hand was assisting lady passengers from said car down to the walk and with his right hand was performing a like service for ladies alighting from the next car; that, as he took her left hand, she released her hold from the hand rail, and, just as her foot was leaving the bottom step, when she was committed to the act of alighting, he suddenly and without warning jerked his hand away, causing her to fall to the ground and strike her knee upon

360  HAGER et al. *v.* PHILA. & R. RY. CO., Appellant.

the rail of an adjoining track, inflicting the injuries complained of. *Held,* that the questions of defendant's negligence and plaintiff's contributory negligence were properly left to the jury and judgments on verdicts for the plaintiffs were sustained.

4. Where the real cause of the accident, as claimed by plaintiffs and found by the jury, was the act of the brakeman in suddenly withdrawing his hand at the critical moment, it cannot be said as a matter of law that the wife's seeming want of care, in not looking out for her own safety, contributed to the accident.

5. As a brakeman was present to help, it cannot be affirmed as a legal conclusion that the husband was negligent in failing to wait and assist his wife to alight.

Argued March 27, 1918. Appeals, Nos. 9 and 10, Jan. T., 1918, by defendant, from judgment of C. P. No. 2, Philadelphia Co., Sept. T., 1915, No. 3671, on verdict for plaintiffs in case of Mary Elizabeth Hager, by her next friend and husband, William P. Hager, and William P. Hager, in his own right, v. Philadelphia & Reading Railway Company. Before MESTREZAT, POTTER, MOSCHZIS-KER, FRAZER and WALLING, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before WESSEL, J.

The opinion of the Supreme Court states the case.

Verdict for plaintiff, Mary E. Hager, for $3,000 and for plaintiff, William P. Hager, for $2,000 and judgment thereon. Defendant appealed.

*Error assigned,* inter alia, was in refusing defendant's motion for judgment n. o. v.

*William Clarke Mason,* for appellant.—Plaintiff was guilty of contributory negligence: Lerner v. Philadelphia, 221 Pa. 294; Hopkins v. W. J. & S. R. R. R. Co., 225 Pa. 193; Purvis v. Buffalo R. & P. R. Co., 219 Pa. 195; D., L. & W. R. R. Co. v. Napheys, 90 Pa. 135; Coburn v. Philadelphia, W. & B. R. Co., 198 Pa. 436; Flynn v. Pittsburgh Rys. Co., 234 Pa. 336; Kleckner v. C. R. R. of N. J. Co., 258 Pa. 461.

There was affirmative proof of the negligence of the husband contributing to the injuries: Darbrinsky v. Penna. Co., 248 Pa. 503; Gress v. Philadelphia & R. Ry. Co., 228 Pa. 482.

*John Weaver,* for appellee.—A railroad company is liable in damages if one of its servants undertakes to assist a passenger from the steps of a car and does it in such a negligent way that an injury results from such negligence: Brooks v. Philadelphia & Reading R. R. Co., 218 Pa. 1; Englehaupt v. Erie R. R. Co., 209 Pa. 182; Rhoades v. Cornwall & L. R. R., 48 Pa. Superior Ct. 310; Hartzig v. Lehigh Valley R. R., 154 Pa. 364; Case v. D., L. & W. R. R. Co., 191 Pa. 450.

Where the facts are in dispute or the inferences from them open to debate they must go to the jury: Gray v. Penna. R. R. Co., 172 Pa. 383; McCracken v. Consolidated Traction Co., 201 Pa. 378.

OPINION BY MR. JUSTICE WALLING, May 6, 1918:

This is an action of trespass by husband and wife to recover for personal injuries to the wife. On June 19, 1915, plaintiffs took passage on one of defendant's excursion trains to go from Philadelphia to Forrest Park with a large party for an annual picnic. Where trains stop at the park there is a gravel or cinder walk used as a platform, which is at least three feet below the bottom step of passenger cars; making a step or jump-down of that distance in alighting. The evidence for plaintiffs is to the effect that the train was filled with passengers and as it stopped the brakeman at the rear of the car in which they were riding called, "This way out"; and that Mr. Hager was the first passenger to go out the rear door and off the car; and that he, seeing a brakeman there to assist the ladies, went in search of a table and benches for the picnic dinner. Also that Mrs. Hager, coming out after several other passengers, walked down the car steps and saw a brakeman standing on the walk,

who with his left hand was assisting lady passengers from said car down to the walk and with his right hand was performing a like service for ladies alighting from the next car; that he took her left hand, she released her hold from the handrail, and, just as her foot was leaving the bottom step, when she was committed to the act of alighting, he suddenly and without warning jerked his hand away, causing her to fall to the ground and strike her knee upon the rail of an adjoining track, by which she received serious and permanent injury. Mrs. Hager was then twenty-eight years of age. Her story was corroborated by other witnesses, but was flatly contradicted by evidence for the defense, which was to the effect that no such accident happened and that Mrs. Hager's fall was the result of tripping on a rail after she had safely alighted and left the walk, and that the trainmen did not hear of the accident until the return trip that afternoon. The case was carefully submitted to the jury who found for plaintiffs; from judgments entered thereon the defendant brought these appeals.

Mrs. Hager was a passenger and entitled to protection as such until she was landed upon the ground or platform. See Bickley v. Philadelphia & R. Ry. Co., 257 Pa. 369, 376; Brooks v. Philadelphia & R. Ry. Co., 218 Pa. 1. It is the duty of a common carrier of passengers to exercise the highest practical degree of care and to afford them a safe means of ingress and egress to and from the car or other vehicle of transportation: Mack v. Pittsburgh Rys. Co., 247 Pa. 598, 602. A railroad company is liable for the negligent acts of employees while assisting passengers to or from its cars: Gensemer v. Conestoga Traction Company, 237 Pa. 224.

The rules above mentioned are not seriously controverted, but it is earnestly urged that Mrs. Hager was guilty of such contributory negligence as to prevent recovery, in that she was relying implicitly upon the brakeman and not looking out for her own safety. Her answers on cross-examination would seem to warrant such

contention, and, had she stepped off the side of a platform or into a hole or stumbled upon some visible object, it might be sustained. But a plaintiff's want of care will defeat his action only when it was an inducing cause of the accident or contributed thereto: Gould v. McKenna, 86 Pa. 297; Creed v. Pennsylvania Railroad Company, 86 Pa. 139, 145; McClung v. Penna. T. Cab Co., 252 Pa. 478. Whether Mrs. Hager's failure to look in advance, for the purpose of determining the distance from the car steps to the ground, contributed to the accident was for the jury. Had she known the exact distance, would that have changed her conduct or the result of the sudden withdrawal of the brakeman's hand? It was a regular place for receiving and discharging passengers and many were safely alighting. Here the real cause of the accident, as claimed by plaintiffs and found by the jury, was the act of the brakeman in suddenly withdrawing his hand at the critical moment; with that, her alleged want of care had no connection. The fall seemingly resulted from that act and it is not clear that it could have been prevented by watchfulness on her part. She was looking forward but does not recall just where, and we cannot say that any amount of looking on her part would have prevented his act or the fall which resulted. While required to exercise ordinary care, she was justified in relying upon the brakeman to assist her, for that was the duty he assumed to perform, and she was not bound to anticipate that he would be negligent. Where the question of contributory negligence is in doubt it must be submitted to the jury: McCracken v. Consolidated Traction Co. (No. 1), 201 Pa. 378, 381. It is at least doubtful whether her seeming want of care contributed to the accident. As to the duty of a passenger to ascertain in advance of alighting the distance from the car step to the station platform, defendant relies upon some expressions in the opinion of the court in Del., Lack., Etc., R. R. Co. v. Napheys, 90 Pa. 135. What that case decides, however, is that the fact that a passen-

ger upon alighting from a car fell and hurt her knee, did not of itself create a presumption of negligence against the railroad company; and also that under the evidence there presented the questions of negligence and contributory negligence were for the jury.

As a brakeman was present to help the ladies, it cannot be affirmed as a legal conclusion that Mr. Hager was negligent in failing to wait and assist his wife in alighting. Owing to the congested traffic it might have been difficult for him to do so, and in any event whether he should or not was a question of fact.

The assignments of error are overruled, and the judgments are affirmed.