## Fordyce et ux., Appellants, v. White Star Bus Lines.

Argued March 23, 1931. Before FRAZER, C. J., WALL-ING, SIMPSON, KEPHART and SCHAFFER, JJ.

*C. W. Waychoff*, of *Waychoff, Waychoff & Thompson*, for appellants.—The jury under proper instructions from the court rendered a verdict in favor of plaintiffs and therefore in considering the correctness of a judgment n. o. v. all the evidence and inferences therefrom favorable to the plaintiffs must be taken as true and all unfavorable to them if depending upon testimony must

be rejected: Dunbar v. Preston, 285 Pa. 502; Whalen v. Construction Co., 296 Pa. 10.

A common carrier of passengers for hire owes to its passengers the highest degree of care and diligence in carrying them to their destination and enabling them to alight safely: Meier v. R. R., 64 Pa. 225; Hager v. Ry., 261 Pa. 359; Hughes v. Transport. Co., 300 Pa. 55; Sligo v. P. R. T., 224 Pa. 135; Perret v. George, 286 Pa. 221; Low v. Ry., 290 Pa. 365; Scherer v. P. R. T., 295 Pa. 199; Lyons v. Rys., 301 Pa. 499.

The duty of the carrier of passengers is not fully discharged until it has set the passenger down in a place of safety at his destination. It must not only carry him to his destination in safety but it must also provide a safe place to discharge him when he arrives there: P. W. & B. R. R., v. McCormick, 124 Pa. 427; Case v. Ry., 191 Pa. 450; Englehaupt v. R. R., 209 Pa. 182; Chamberlain v. Direct. Gen., 275 Pa. 47; Miller v. R. R., 290 Pa. 130.

*William A. Challener,* with him *A. A. Purman* and *William A. Challener, Jr.,* for appellee.—Plaintiff was guilty of contributory negligence: Sefert v. Williamsport, 82 Pa. Superior Ct. 471; Murray v. Earl, 282 Pa. 517; Conboy v. Osage Tribe No. 113, 288 Pa. 193; Wilhelm v. Ry., 281 Pa. 69; Robinson v. Twp., 90 Pa. Superior Ct. 139.

OPINION BY MR. CHIEF JUSTICE FRAZER, April 20, 1931:

Plaintiffs' actions are against the White Star Bus Lines, Inc., to recover damages for personal injuries sustained by Mrs. Fordyce. Defendant company operates a passenger bus service between the Boroughs of Washington and Waynesburg. On September 15, 1927, Mrs. Fordyce purchased transportation on a bus of defendant from Washington to Waynesburg, and, at 11 P. M., while alighting from the car, she fell, receiving the in-

jury made the basis of these actions. The statement of claim avers that the injuries sustained were entirely due to negligence of defendant. The jury rendered a verdict of $10,000 for the wife and $1,000 for the husband. The court discharged defendant's rule for a new trial, and entered judgment n. o. v. in its favor. Plaintiffs have appealed.

The negligence averred was: that the bus in which plaintiff was a passenger neglected to stop at its accustomed terminal in front of the Walton Hotel in Waynesburg, but upon the evening in question stopped on Morris Street at a side entrance of the hotel; that no light was provided at this place; that the bus stopped about two feet from the curb and Mrs. Fordyce, on stepping from the running board, expecting, as she testified, to alight upon the curbstone, missed it and fell into the gutter between bus and curbline, receiving severe injury; that she was not warned of the bus's failure to stop at the curb line; that the driver of the bus did not warn passengers of these "unusual circumstances" nor did he assist them to alight; that the stopping of the bus distant from the curb, rather than close to it, was a departure from the usual custom, and that defendant company's failure to warn or assist its passengers, but allowing them to alight under these circumstances at a dimly lighted place, was such negligence as charged it with legal responsibility.

Plaintiffs offered considerable evidence tending to prove averments set forth in their statement of claim, and the record shows no conflict in the testimony calling for lengthy discussion here. Although it appeared from plaintiffs' testimony that on previous trips in defendant's buses Mrs. Fordyce had at no time alighted at any point other than in front of the Walton Hotel, there was evidence offered by defendant that the last bus of the day, as this one was, in proceeding to a garage for the night, always stopped on the Morris Street side of the hotel.

The motion for judgment n. o. v. was based on two contentions: first, insufficiency of evidence of negligence on the part of defendant company to take the case to the jury; and, second, that Mrs. Fordyce was guilty of contributory negligence as a matter of law. We pass to the second, which is the controlling question. Was she guilty of such contributory negligence as warranted the court in banc in entering judgment n. o. v.? Granting that "it is the duty of a common carrier of passengers to exercise the highest practical degree of care and to afford them a safe means of ingress and egress to and from the car or other vehicle of transportation" (Hager v. P. & R. Ry. Co., 261 Pa. 359, 362), yet it is the sense of our cases that, after determining all doubts and drawing all inferences in a light favorable to plaintiff (Cramer v. Aluminum Co., 239 Pa. 120, 125), if the evidence shows such lack of proper caution on the part of the person injured as to amount, as a matter of law, to contributory negligence, the case is no longer for the jury: Morningstar v. N. E. Pa. R. R., 290 Pa. 14, 17. Where plaintiff's case as presented to the jury discloses contributory negligence, defendant is not answerable even if actually guilty of negligence: Cazzulo v. Holscher, 261 Pa. 447, 450. And this rule applies although the contributory negligence be of a negative character, such as a lack of care or vigilance: Davis v. Edmondson, 261 Pa. 199, 203, 204.

A reading of plaintiffs' evidence as contained principally in that of Mrs. Fordyce, brings us to the irresistible conclusion that her lack of familiarity with the place at which she was alighting from the bus and her negligence and careless action in the face of that fact largely contributed to the fall which caused her injury. We find no evidence of defect in the street, or that the curb was unusually high, or of an obstruction or unusual construction of the street and curb at the place of the accident. There was, however, considerable evi-

dence which placed a degree of care and caution upon plaintiff which she did not meet. It is well established that a passenger is bound to use reasonable diligence and care in alighting from a railroad train. We may say the same of a passenger motor bus or other carrier of a similar nature. Plaintiff admitted the lights in the bus sufficiently lighted the running board to enable her to step upon it, and a 600-candle power street light at an adjacent street corner was lighted, as were also the near-by lights in front of the Walton Hotel. Plaintiff's contended shadows were thrown so as to obscure the pavement beneath the running board of the bus. According to her own testimony, Mrs. Fordyce was temporarily blinded by stepping from the lighted car into the dimmer light outside. Notwithstanding her blinded condition, and instead of stepping cautiously, feeling with her foot as one does in approaching a step in the dark (see Murray v. Earl, 282 Pa. 517, 520) or waiting until her eyes became accustomed to the dark, she stepped forward expecting to alight on the sidewalk. She evidently did not use the hand rail attached to the car door to assist passengers in entering and leaving the bus, the use of which might have prevented the accident. In stepping out onto the roadway, in itself not dangerous, she substituted past experience for vision, as she said, "I expected to step down onto the curb, as the bus had always been close to the curb when it stopped at the regular stopping place, but when I stepped down, I missed the curb and stepped down onto the pavement" (meaning the paved roadway). According to her own testimony she knew the bus had stopped at a place which, to her, was unusual—that knowledge should have caused her to be doubly cautious. As was the situation in Lerner v. Philadelphia, 221 Pa. 294, 295, she chose to rely on her former experience and abandoned the use of her natural senses for the time being. She blindly trusted a dangerous situation and was in-

jured. As pointed out by the court below, "the plaintiff having stepped down in the dark was in no different position than she would have been had she stepped down with her eyes shut": Wilhelm v. Sunbury, etc., Ry. Co., 281 Pa. 69, 73. According to plaintiff's own testimony two persons preceded her in alighting. She admitted she was not being urged or pushed ahead by other passengers following her. That Mrs. Fordyce left the bus in the manner and under the circumstances disclosed by the evidence was so conclusive of contributory negligence that the court should so declare as a matter of law. The situation at the place of the injury, viewed in its most favorable light to plaintiff, reveals no more than a remote possibility of accident. There was no apparent or probable condition of danger at the point at which the bus stopped, nor was the action of the driver in aiding passengers in removing luggage rather than assisting them personally such as could be held an act of negligence for which defendant company, under the facts of the injury to Mrs. Fordyce, should be held liable. It was plaintiffs' careless action rather than any condition over which the bus company had control that caused injury to her. We deem unnecessary discussion of the other points raised by appellant.

The judgment is affirmed.