Coxey *v.* Guala et al., Appellant.

Argued November 17, 1933.

Before Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Joseph K. Willing* of *Sterling & Willing,* and with him *Theodore G. Rich,* for appellant.

*Frank F. Truscott,* and with him *William N. Trinkle* of *Bell, Trinkle, Truscott & Bell,* for appellee.

Opinion by James, J., March 20, 1934:

At about 4:30 P. M., on June 8, 1932, plaintiff went into a basement restaurant located at 1221 Chestnut Street, known as the Turin Grotto, for the purpose of dining and while going down the marble steps fell and suffered serious injuries. From the house line of the property there was an entrance hall about three feet wide when the stairs began. After ten steps down one came to a landing that was from three to five feet wide and then five more steps downward to the dining room floor. Along the wall and following the steps from the beginning to the landing there was a hand rail. At the landing the rail was discontinued and began again at the point of origin of the steps and continued to the end of the staircase. As the plaintiff entered the stairway, she noticed the light was out at the bottom of the steps but some light was shining from the doorway for several steps but the balance of the steps were in darkness. When she reached the landing and was placing her foot on the first step of the bottom tier of steps, the pad on the step was loose and her foot slipped on the pad and she fell to the bottom of the stairway. The testimony showed that the lights were out only on the right side of the restaurant where the stairway was located and customers were being served at the time of the accident.

A verdict was found for the plaintiff and motions for a new trial and judgment n. o. v. for refusal to affirm the point for binding instructions submitted by defendants were overruled and this appeal was taken from the judgment entered on the verdict.

The owner or occupant of premises who induces others to come upon it by invitation, express or implied, owes to them the duty of using reasonable or ordinary care to keep the premises in a safe and suitable condition so they will not be unnecessarily or unreasonably exposed to danger: Robb v. Niles-

Bement-Pond Co., Inc., 269 Pa. 298, 112 A. 459; Chapman et ux. v. Clothier et al., 274 Pa. 394, 118 A. 356. With this general principle in mind we shall attempt to apply it to the facts in the instant case.

Defendants urge that plaintiff was guilty of contributory negligence in entering this partially lighted stairway. The defendants were conducting a business which depended entirely upon the patronage received from the public and impliedly extended an invitation to the public to patronize their place of business. At the time of the accident, business was being conducted and the plaintiff was wholly within her rights when she entered defendants' place of business at a regular hour and proceeded down the stairway. The fact that the stairway was in partial darkness placed upon her a higher degree of care but under the circumstances the fact that the foot of the stairway was in darkness did not constitute such a dangerous condition which in itself would charge her with contributory negligence in proceeding down the stairway into the dining room especially when the testimony showed that only the lights on the right side of the restaurant were out, and that the restaurant was openly conducted. Under all these circumstances, the question of contributory negligence was a question of fact for the jury.

Plaintiff contends that the negligence of the defendants consisted, under the combination of circumstances existing at the time plaintiff was injured, in (a) that the stairway was in partial darkness, (b) the faulty construction of the hand rail, and (c) allowing a rubber pad to be loose and uncemented on the steps of the stairway.

(a) The testimony shows that the electric fuse controlling the lights on the stairway leading down to defendants' restaurant blew out about 4:00 P. M. An employee of the defendants promptly notified the electric company, whose office is but a short distance from

the restaurant, and the company had a repair man on the premises within a few minutes. From the records of the electric company, it appears that complaint was made at 4:18 P. M., the trouble man was dispatched at 4:23 P. M. and this man reported at 4:30 P. M. that he had replaced a 60 ampere blown fuse. In calling upon the electric company, defendants or their employees did all that was reasonably required of them to do. It is difficult to determine what other course could have been taken as the failure of the lights could have been attributed to different causes or forces, many of them far beyond the power of defendants to remedy or control and, therefore, the mere fact that the stairway was in darkness was not negligence. It is apparent from these facts that the defendants acted as promptly as possible and we can find no negligence on their part.

(b) Neither do we find any negligence on the part of the defendants in failing to continue the hand rail beyond the first ten steps across the landing to the second pair of steps. The hand rail was placed for the purpose of protecting people while descending and ascending the steps and there was no necessity for placing a hand rail upon the landing itself. No testimony was offered to show that this was an unusual construction or that it was a construction which tended to mislead or misdirect the steps of the ascending or descending invitee.

In the case of Chapman et ux. v. Clothier, supra, at p. 397, the following excerpt from the opinion of the court states: "There was a hand rail around the opening at the top but none down the sides of the steps; as they were less than three feet high no inference can be drawn that the absence thereof created an unsafe condition, ......"

The mere absence of the hand rail across the landing was not in itself sufficient to support the charge of negligence.

(c) The allegation of negligence as to allowing the rubber pad to remain loose upon the stairway is, in itself, provided the condition existed for a sufficient period of time as to have given constructive notice to the defendants, the only question on which this case should have been submitted to the jury as there was no proof of actual notice. It was the duty of the defendants to maintain a reasonably safe place for its patrons and if a loose pad was upon the steps and was the cause of the fall of the plaintiff, the truth of which was for the jury, the defendants would be liable on the theory that they had failed to maintain a proper place. The testimony shows these rubber pads had been cemented upon the marble steps and that from time to time it was necessary to have the pads re-cemented on the steps and that some of them had been cemented at different periods before the date of the accident; that repairs had been made during the entire period of six years the premises had been owned by the defendants; that during the course of a day between 700 or 800 people passed up and down the steps. This was, therefore, a clear question of fact for the jury as to whether or not the steps were in a proper condition on the date of the accident and, if defective, whether that condition had existed for a sufficient length of time to amount to constructive notice to the defendants. What length of time would be sufficient is entirely a question for the jury, varying according to the circumstances and particularly the use which was being made of the steps. If the pad was loose as described by the plaintiff, the jury might have inferred that it had existed a sufficient length of time to have charged defendant with constructive knowledge.

In the case of Truby et al. v. Nolan, 86 Pa. Superior Ct. 270, where the plaintiff fell into a trap door which had been opened three minutes before plaintiff fell, it

was held that it was sufficient constructive notice of the existence of the opening of the trap door and would have been discovered if reasonable care and prudence had been exercised. However, the liability of the defendants rests upon notice, whether actual or constructive, but nothing was said by the court below in its charge on the question of notice, either actual or constructive. Defendants were not, in any sense, insurers, and their liability rested solely upon their knowledge, either actual or constructive, of the faulty condition of the step. No mention was made by the court below as to this phase of defendants' responsibility and for its failure to charge upon an essential element of defendants' liability we shall have to grant a new trial.

The second assignment of error is sustained and the judgment is reversed with a venire facias de novo.