Berrien et ux. *v.* Philadelphia Rapid Transit Company, Appellant.

Argued October 5, 1938.

Before KELLER,
P. J., CUNNINGHAM, BALDRIGE, PARKER and RHODES, JJ.

*Jay B. Leopold,* with him *Bernard J. O'Connell,* for appellant.

*J. Webster Jones,* for appellee.

OPINION BY BALDRIGE, J., December 16, 1938:

Agnes H. Berrien, a married woman, 54 years of age, alighted from an elevated train of the defendant at Dauphin Street, Philadelphia, a few minutes after 6 :00 o'clock on the evening of March 30, 1936. She started down the right side of a stairway, 4 feet wide, under lighting conditions which she described as "dusky—it was twilight," "shadowy." Light was coming through the windows on the side of the stairway and through openings in the risers of the steps. When she had descended 12 steps she overtook an elderly lady slowly walking ahead of her, using the right side handrail. Mrs. Berrien turned to the left to pass this lady, looked down, and thought she saw a platform the next step

below her. Evidently there was enough light to cast shadows as Mrs. Berrien testified that she was deceived by a shadow falling across the step and instead of a platform it was an intervening step. Not anticipating it would be necessary for her to step down to reach the platform, she fell and sustained injuries.

The court below submitted the questions of the defendant's negligence and the wife-plaintiff's contributory negligence to the jury and verdicts were rendered in favor of the wife in the sum of $500 and for the husband in the sum of $300, which, by stipulation of the parties, were moulded into one for $800 for the wife.

The defendant does not question the sufficiency of the proof to establish its negligence in failing to have adequate lighting facilities at the time of the accident, but asserts that the wife-plaintiff was guilty of contributory negligence as a matter of law.

It is a well-recognized rule that if there is credible evidence from which a reasonable conclusion can be drawn to support the claim of the plaintiff in a negligence case, the question of the plaintiff's contributory negligence is ordinarily for the jury. A court is not warranted in declaring a person guilty of contributory negligence unless the evidence of his want of care is clear and unmistakable: *McCracken v. Curwensville Boro.*, 309 Pa. 98, 114, 163 A. 217; *Murphy v. Bernheim & Sons, Inc.*, 327 Pa. 285, 287, 194 A. 194.

Walking down a stairway, partially lighted, does not necessarily constitute contributory negligence. It can be fairly assumed that there appeared to be a sufficient amount of light for Mrs. Berrien to reach the street by using the facilities furnished by the defendant, especially when many other patrons of the defendant were using these steps. There was no apparent reason for her to be apprehensive that she was encountering a danger. Of course, she was required to use reasonable care under the circumstances as they existed. She was entitled

to conclude that defendant had performed its legal duty to maintain conditions so that those invited to use the stairway in departing from its cars could do so safely: *Cathcart v. Sears, Roebuck & Co.,* 120 Pa. Superior Ct. 531, 183 A. 113.

In *Murphy v. Bernheim & Sons, Inc.,* supra, the plaintiff, an elevator repairman, walked towards an elevator shaft on defendant's premises through dim light which made it appear that the elevator was standing flush with the floor, and he fell into the shaft. It was held that the question of plaintiff's contributory negligence was for the jury. There, as here, the plaintiff was confused by shadows which interfered with his seeing where he was walking. Mr. Justice MAXEY, in delivering the opinion of the court, said (p. 288) : "When one walks in dim light where he has no reason to apprehend danger and uses his best judgment as he proceeds, and then meets with an accident, the question whether or not he is guilty of contributory negligence is usually for the jury."

We held in *Coxey v. Guala et al.,* 112 Pa. Superior Ct. 460, 171 A. 484, where the plaintiff walked down restaurant steps in a dim light, that his contributory negligence was a question of fact for the jury. Of course, if one is proceeding in total darkness, as in *Conboy v. Osage Tribe No. 113,* 288 Pa. 193, 135 A. 729, and *Smalley v. First National Bank,* 86 Pa. Superior Ct. 280, where the plaintiff in each case started down a completely dark stairway and fell; or where one walks through a totally dark room, as in *McVeagh et al. v. Bass,* 110 Pa. Superior Ct. 379, 168 A. 777; or is blinded while stepping from a bright light into darkness, as in *Fordyce et ux. v. White Star Bus Lines,* 304 Pa. 106, 155 A. 98, he is guilty of contributory negligence. Those cases are not applicable with their different factual situations from those presented in the case in hand.

The appellant further contends that the wife-plaintiff failed to use due care in not taking the handrail and in attempting to pass the elderly lady who was slowly proceeding ahead of her. The handrail was not essential to Mrs. Berrien's safe descent. Failure to use it was not the primary or proximate cause of her falling. It cannot be said that in turning to the left she incurred such a manifest danger as to convict her of contributory negligence.

The appellant relies on *Stevenson v. Pittsburg, Etc., Ry. Co.,* 219 Pa. 626, 69 A. 45, to support this contention. There, the plaintiff was held guilty of contributory negligence as the stairway was covered with ice which he observed when he stood at the top of the stairs. He used a handrail during part of his descent but released his hold on it without valid excuse, incurred a known risk, and was injured. In the case at bar, there was no ice or other visible physical hazard when the plaintiff started down the stairs.

A careful consideration of this entire record leads us to the conclusion that the court would have committed clear error in withdrawing this case from the jury's consideration.

Judgment affirmed.


DISSENTING OPINION BY PARKER, J.:

Not being able to agree with the conclusion of the majority of the court in this case, I desire to record the reasons for my dissent.

I am of the opinion that the plaintiff by her own evidence disclosed clearly that her negligence or carelessness contributed to the accident. In fact, the evidence of negligence on the part of the plaintiff, as disclosed by her own testimony, would seem to be much clearer than the evidence of negligence on the part of the defendant. It is conceded that the question of contributory negligence is for the jury and not for the

court as a matter of law unless the evidence of want of care is clear and unmistakable.

The sole allegation of negligence was that the electric light had not been turned on and the steps and intervening platform were not "plainly" visible. On proof of that fact alone, with the circumstances under which she fell, the plaintiff depends. All of the evidence came from the plaintiff. There is not the slightest suggestion at any place in the record that there was any defect in the construction of the stairs or that the defendant neglected to maintain them in a safe condition. There were no unusual conditions of traffic, two persons being in front of plaintiff and one person following her. The stairway in question was four feet in width and led from the elevated railway to the street, the flight being broken by two intervening platforms. The stairway was closed in, the lower part of the sides being solid and the upper part of glass. The plaintiff admitted that there was a handrail on each side and that she was familiar with the stairs by reason of having used them several times, that she knew of the platform, that the light came from the outside, not only through the glass paneling, but also through the risers of the steps. She also stated that the light coming in from these risers cast shadows. In other words, the risers of the steps were marked by light coming from the outside. Such a source of light would seem to be better adapted to disclose each descending step than an overhead electric light which certainly would cast shadows. The accident occurred on March 30, 1936 and the sun did not set until about fifteen minutes later.

The plaintiff's own words with reference to the cause of the accident were: "It was shadowy, it was darkening ...... In order to pass her I turned to the left and I glanced down and thought I was taking a step to the platform and mistook the last step for the platform in the dusk and fell in front of her ...... It was

my belief I was stepping to the platform. ...... I knew the platform was there." She stated in plain words that she did what all of us have at some time done in going down a stairway, she made a misstep; in her haste to pass the old lady who was proceeding cautiously, she miscalculated the location of the last step and proceeded without reasonable care. The plaintiff in her brief says: "It was not dark, it was not black. The shadowy coloring which she saw that led her to believe it was the platform to which she stepped, was not the platform."

The plaintiff was entirely familiar with all the conditions affecting the safety of the place. In fact, the only hazard disclosed was such as is present when there is occasion to descend any stairway. If it was so dark that she could not see, she had other means of ascertaining the location of the platform, as, for example, "by stepping cautiously and feeling with his [her] foot, as one naturally does when approaching a step in the dark": *Murray v. Earl*, 282 Pa. 517, 520, 128 A. 436. There is no unusual hazard incident to a person of reasonable agility descending a stairway even in the dark. If the plaintiff by reason of age or other infirmity could not trust herself to walk down a pair of stairs, then it was her duty to make use of the handrail which was provided for that purpose even if it was necessary for her to shift the package she was carrying.

The movements of the plaintiff bear a strong resemblance to the facts in *Fordyce v. White Star Bus Lines*, 304 Pa. 106, 155 A. 98. There the plaintiff thought the bus in which she was riding had stopped at the curb as it generally did. It was dark. She said: "I stepped down, I missed the curb and stepped down onto the pavement." She was not permitted to recover and for practically the same reasons as I have stated above.

*Murphy v. Bernheim & Sons, Inc.*, 327 Pa. 285, 194 A. 194 and *Coxey v. Guala*, 112 Pa. Superior Ct. 460,

171 A. 484, relied upon by the appellee and cited in the opinion of the majority, furnish no support to the plaintiff's contention. In the Murphy case the prime act of negligence was the failure to guard an open elevator shaft. In the Coxey case there was a loose pad on the steps of the stairs which the plaintiff was using. Due to a dim light in each of these cases, the plaintiff encountered a danger for which the defendant was responsible and of which the plaintiff had no notice. Here there was not any defect, unusual condition or trap maintained by the defendant and plaintiff was familiar with the stairs.

The decision of the majority in this case has gone farther than any Pennsylvania case that I have been able to find and if it is allowed to stand it means that anyone falling on steps not brilliantly lighted would be in a position to have submitted to a jury the negligence of the person responsible for the maintenance of the stairway. It seems to me that the decision of the majority gives to "shadows" a new place in the law of torts. With the large number of stairways that are maintained in public buildings and in connection with elevated railroads and subways, the consequences are far reaching.

It is by no means clear that there was here any evidence of negligence shown upon the part of the defendant. The accident occurred at 6:05 P. M. on March 30, 1936 as fixed by the plaintiff. A reference to an almanac will show that the sun did not set on that day for more than fifteen minutes after the accident occurred and there was undoubtedly an additional intervening period of twilight. Here the risers were open and the plaintiff states that the light was coming through these risers. This arrangement caused the location of each step to be clearly marked. I am unable to persuade myself that the defendant was required to do more than it did to guard against the very danger of which the plaintiff complains. If an electric light

bulb had been burning in the ceiling or on the side walls, it certainly would have cast a shadow. It was not shown that any unusual conditions prevailed at the time of the alleged accident requiring artificial light. The stairway was not one leading to a subway, but one from the elevated railroad to the street and I seriously doubt whether there was any duty on the defendant to provide artificial light before sunset in the absence of unusual conditions. In any event, I would hold the plaintiff guilty of contributory negligence.

I would enter judgment for the defendant.