Mammana, Appellant, *v.* Easton National Bank.

Argued April 9, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, BARNES and PATTERSON, JJ.

*Robert S. Bachman,* for appellant.

*T. McKeen Chidsey,* of *Chidsey, Maxwell & Frack,* for appellee.

OPINION BY MR. CHIEF JUSTICE SCHAFFER, May 6, 1940:

Plaintiff about two o'clock in the afternoon fell down the stairs leading from the first to the second floor of defendant's building, as he was descending them, and

brought this suit to recover damages for the injuries he sustained. On the trial, the court gave binding instructions in defendant's favor and thereafter refused plaintiff's motion for a new trial and entered judgment on the verdict. Plaintiff appeals.

He entered the building to go to a dentist's office on the second floor, proceeded up the stairs, remained in the dentist's office twenty or twenty-five minutes, proceeded to the stairs which he had ascended, walked down them for thirteen steps and then, mistaking the platform or landing as being the next step, fell. He said, "I stepped from the thirteenth step over the fourteenth, and my foot came down on the landing with a jar, and I came down with my whole weight and went over; I would term it as diving from the platform." Plaintiff's excuse for his falling and the basis of his claim of negligence on defendant's part is that shadows on the stairs interfered with his seeing the fourteenth step. There was no artificial light on the stairs at the time, natural light, however, entered from a door at the bottom which contained a glass panel 2 feet 1¼ inches by 5 feet 2¾ inches. Above the door were two transoms, one containing plain glass and the other what plaintiff described as frosted glass blocks. He said the hallway "wasn't real dark, that you couldn't see, and it wasn't well lighted." There was sufficient light to enable him to ascend the stairs without mishap and to descend thirteen of the steps before he fell. The platform was only about eleven feet from the glass panel in the door and directly in line with it and there was nothing to obstruct the light entering through the panel.

Passing the question whether any shadows were on the step (which the court below deemed impossible, because there was nothing to cast them), as plaintiff such a short time before had ascended the stairs, he should have known the condition and, exercising due care, have observed where he was stepping. On plaintiff's own testimony, it is manifest that he did not do so and, there-

fore, he cannot recover. It is undisputed that there was sufficient light to enable plaintiff to have seen each step if he had been watchful. We had occasion quite recently in *Wessner v. Blue Ridge Transportation Co.,* 338 Pa. 161, 12 A. 2d 559, to consider a situation similar in applicable legal principle to the one in hand, where a woman stepped up into a toilet compartment and in going out of it neglected to take account of the step and fell injuring herself; we held there could be no recovery.

Plaintiff relies upon *Berrien v. P. R. T. Co.,* 133 Pa. Superior Ct. 481, 3 A. 2d 18, as entitling him to go to the jury. In that case, plaintiff fell in descending steps and testified that she was deceived by a shadow falling across a step into thinking the step was the platform; not anticipating it would be necessary for her to step down to reach the platform, she fell and was injured. We do not approve the decision in this case for the reasons stated by Judge PARKER in his dissenting opinion. As he observed, "The decision of the majority gives to 'shadows' a new place in the law of torts."

Plaintiff claims as an act of negligence the failure to maintain a handrail on the stairs. The only part that it would have played, according to his own idea, is that, if it had been there, he might have broken his fall by grabbing hold of it. On such a stairway as this, with walls on each side, the absence of a handrail could not constitute negligence. There are thousands of such stairways throughout the Commonwealth.

Judgment affirmed.