Argued March 23; affirmed April 17, 1934

GARDNER *v.* REGAL FRUIT COMPANY

(31 P. (2d) 650)

*Marvin K. Holland,* of Portland, for appellant.

*Newton C. Smith* and *F. P. Keenan,* both of Portland (Reynolds, Flegel & Smith and Frederick Drake, all of Portland, on the brief), for respondent.

BELT, J.    This is a personal injury action.

The plaintiff, Jessie Gardner, was walking south on the west side of Fourth street, in Portland, Oregon. While passing the fruit and vegetable stand conducted

by defendant Regal Fruit Company on the northwest corner of Fourth and Yamhill streets, she stepped upon some fruit or vegetable substance and fell, injuring her left leg.

It is the contention of plaintiff that the accident was brought about through the negligence of the defendant in failing to inspect its premises at Fourth and Yamhill streets, including the adjacent sidewalk at Fourth street. Plaintiff also attributes negligence to the defendant because of its violation of the city ordinances of Portland, in the following particulars: (1) in obstructing the sidewalk adjacent to its place of business by its fruit racks and by storing, displaying and selling its fruit and vegetables on the sidewalk; (2) in causing waste substance to be and remain on the sidewalk; (3) in using the sidewalk to conduct its business in such manner as to restrict its use by pedestrians and to cause refuse to be deposited and remain upon the sidewalk.

Defendant answered, admitting that it is engaged in the conduct of a fruit and vegetable business but denying each and every other allegation of the complaint.

At the conclusion of plaintiff's case, defendant moved for a nonsuit upon the ground that plaintiff had not made out a case against the defendant for the reasons: (1) That no evidence had been introduced showing that defendant placed or caused to be placed upon the sidewalk the substance upon which plaintiff slipped; (2) that there was no evidence that defendant knew, or, in the exercise of reasonable care, should have known, that the substance upon which the plaintiff claimed to have slipped was upon the sidewalk; (3) that defendant was under no duty or obligation to

keep the sidewalk clean; (4) that there was no evidence that defendant maintained a nuisance, or "caused any condition to exist on the sidewalk which in any way caused plaintiff's alleged fall, or contributed thereto"; and (5) that there was no evidence "of any breach of any duty which the defendant owed to the plaintiff".

From a judgment of involuntary nonsuit, the plaintiff appeals.

The sidewalk in question, fifteen in width, was in a congested part of the business district. At the place of the accident the fruit racks extended onto the sidewalk from nine to thirty inches. Defendant had used from fifteen to thirty inches of the opposite side of the sidewalk for the purpose of piling fruit or vegetable boxes. There was, therefore, a space estimated variously at from nine feet nine inches to eleven feet which was free and unobstructed for the use of pedestrians. The crushed fruit or vegetable substance upon which plaintiff slipped was about two feet from the fruit rack and covered a space of six inches by eighteen inches and was about one-eighth of an inch thick. There was evidence of broom marks in it, but none as to who had used the broom or when the sidewalk had been swept. The remaining portion of the sidewalk was clean and free from refuse of any kind.

There was no evidence that defendant caused the fruit or vegetable substance to be on the sidewalk or knew of its existence prior to the accident. Neither does it appear that this substance was on the sidewalk for such a length of time that the defendant in the exercise of reasonable diligence ought to have known of its existence. We agree with appellant that the sidewalks of a city are primarily for the use of pedestrians and that it would be a violation of the city

ordinance to use them for the purpose of transacting business. The mere fact, however, that defendant violated such ordinance would not entitle plaintiff to recover unless such violation was the proximate cause of her injuries. The fruit racks or the boxes had nothing to do with causing her to slip and fall.

To entitle plaintiff to have her cause submitted to a jury, evidence must have been submitted tending to show that defendant caused this slippery substance to be on the sidewalk or that it was on the walk for such length of time that the defendant, in the exercise of reasonable care, ought to have known of its existence: *Kresge v. Fader,* 116 Ohio St. 718 (158 N. E. 174, 58 A. L. R. 132); *Kelly v. Otterstedt,* 80 App. Div. 398 (80 N. Y. S. 1008); *O'Reilly v. L. I. R. R. Co.,* 4 App. Div. 139 (38 N. Y. S. 779) (second appeal, 15 App. Div. 79, 44 N. Y. S. 264; and *Dudley v. Abraham,* 22 App. Div. 480 (107 N. Y. S. 97). For closely analogous cases also see *DeMars v. Heathman,* 132 Or. 609 (286 P. 144), and *Morrison v. Pac. N. W. Public Serv. Co.* 146 Or. 225 (30 P. (2d) 344).

This accident occurred in a congested business district on a walk used daily by thousands of persons. To hold defendant liable in damages merely because some person without its knowledge had dropped a banana peeling or piece of other fruit on the walk, from which injury immediately occurred, would indeed be a harsh and unjust rule.

*Garibaldi & Cuneo v. O'Connor,* 210 Ill. 284 (71 N. E. 379, 66 L. R. A. 73), is the strongest case cited by appellant but we think that when the facts are carefully considered it is not contrary to the principles of law above stated. In the Garibaldi case, boxes and barrels and loose bunches of bananas, on the day on which the

appellee was injured, were so placed upon the walk as to occupy all of the walk except a narrow passageway near the middle thereof, and were piled to such a height that a person passing along the sidewalk could not see over them. This passageway was littered with straw and hay and some single bananas had become broken from the bunches and were lying on the straw and hay. Such was and had been the condition of the walk for more than three hours before the appellee received the fall and injuries—in fact, the evidence showed that such was the daily condition of the walk. The court held that the unreasonable and unjustifiable use of the public walk by the appellants had forced the appellee to walk along the narrow passageway. Straw and loose bananas were on the pavement where she was compelled to walk because of such unreasonable and unjustifiable use of the larger portion of the walk by appellants. They were therefore held to be responsible for a failure to use reasonable care to keep this narrow, restricted passageway in a reasonably safe condition. For the reason that the earlier negligent act, namely, the unreasonable use of the principal portion of the walk for the purposes of their business, made them responsible in any case, it was held to be unnecessary to prove their responsibility for the actual presence of the banana upon which appellee slipped. The court did not, however, relieve appellee of the duty of showing that such condition had existed for a time sufficient to apprise the appellants, in the exercise of reasonable diligence, of such dangerous condition. The facts in the instant case are totally different.

The judgment of the lower court is affirmed.

RAND, C. J., and ROSSMAN and KELLY, JJ., concur.