Argued September 15; affirmed September 22, 1942

# STARBERG *v.* OLBEKSON
(129 P. (2d) 62)

Before KELLY, Chief Justice, and BELT, BAILEY, LUSK, RAND, ROSSMAN and BRAND, Associate Justices.

*Wm. P. Lord*, of Portland (Ben Anderson and T. Walter Gillard, both of Portland, on the brief), for appellant.

*Frank S. Senn*, of Portland (Senn & Recken and Robert L. Recken, all of Portland, on the brief), for respondent.

RAND, J.  This is an action to recover for personal injuries sustained by plaintiff while a customer in the vegetable department of a store conducted by defendant in the city of Portland.  The amended complaint alleges that the injuries were caused by the negligence of the defendant in permitting some green vegetable matter to lie on the floor in one of the aisles on which plaintiff slipped and fell.  The accident occurred on July 6, 1939.  The answer denied any negligence or liability on the part of the defendant and alleged that the injuries were caused by the negligence and want of care of the plaintiff and by the kind of shoes she was then wearing.

The cause was tried to a jury and the defendant had verdict and judgment, and plaintiff has appealed.

During the trial, plaintiff called as a witness Mrs. Stella Marcum, who testified that she was present in the store on the afternoon of the day next preceding the accident, and was then asked if she observed the

condition of the floor at that time. This was objected to by the defendant on the ground that it was irrelevant, immaterial and too remote. The court sustained the objection and the plaintiff then made an offer of proof of what she expected to prove by the witness. This offer of proof was made by way of certain questions and answers propounded to and answered by the witness in the chambers of the trial judge. These questions and answers were as follows:

"Q. Now, Mrs. Marcum, you have stated that you were in the store on the 5th day of July, 1939, sometime in the afternoon? A. Yes.

Q. At that time did you have occasion to make an observation of the condition of the floor of the vegetable department?

A. Well, that one particular time I did, because there was,—I observed there was a head of lettuce on the floor, that was in the aisle. If it had been against the side I wouldn't have noticed it particularly; but I kicked it over to keep someone from stepping on it. I didn't pick it up. And there were a few pea pods on the floor then that had been tramped in, they weren't fresh.

Q. And that was in and around the aisle of the vegetable department, that you speak of?

A. Yes, it was right in the aisle.

Q. Are you familiar with the place that has been pointed out to you as the place where Mrs.,—or that you heard some testimony here, where Mrs. Starburg had fallen?

A. Yes.

Q. Was it anywhere in and about that place where you saw the conditions you have just related the day before?

A. Well, where she said she fell, where I was pointed out that she fell, the counters have been changed since then, but these peas and the lettuce was there, because it was on that side, and I kicked it over

against the side, right against the bin right there on the floor.

Q. Now, may I ask you, were you in this same store on previous occasions before the 5th of July?

A. Yes, often; we trade there a great deal.

Q. Now, were you in that store within, say, a month or two prior to the time of this accident?

A. Well, I couldn't say exactly about that, but we must have been, because we always go in there to get our fresh vegetables when our store out our way don't carry them.

Q. Approximately how often would you be in there?

A. Oh, we were in there every week.

Q. You were in there every week. Had you ever had an occasion to notice the condition of this floor of this vegetable department within, say, a month or two of the time of this accident, before the 5th of July?

A. I must have noticed it, I would certainly have noticed those things on the floor.

Q. What did you notice before the 5th of July?

A. Well, there was,—sometimes there was pieces of,—whatever the,—spinach would drop down. I know more times,—I always noticed the peas because I was careful not to step on them because they slipped on that sliding floor as you walk up on the little slope.

Q. Now, you have just spoken now of noticing peas on this sloping floor. That is the sloping concrete floor, is it, adjacent to,—in the vegetable department?

A. Yes, it leads up into the vegetable department.

Q. Now, did you have occasion to notice that peas, old pieces of squash, pods, on that particular incline, were,—when they were on there, would be slippery?

A. Well, they were slippery to the extent they had been tramped in a great deal and were not fresh.

Q. Was that also true on the 5th day of July when you were in there?
A. Yes, my husband and I both noticed it. I even called his attention to it at that time."

The defendant then objected to the introduction of this testimony on the same ground as above. The offer was denied by the court and an exception was allowed.

■■ The sole question for decision upon this appeal is whether the court erred in excluding this testimony. This question is raised upon a bill of exceptions signed by the trial judge which fails to set forth any of the proceedings had upon the trial or the testimony of any of the witnesses with the exception of that given by Mrs. Marcum, none of which, except that contained in the offer, has any reference to the condition of the floor. Hence, since, in the absence of a showing, error will never be assumed, we are bound to consider the question of the admissibility of the testimony offered and rejected by the court as if it stood alone, unaided and unsupported by any other testimony. When so considered, the ruling of the court was proper.

■ Like all other occupants having control of real property to which the public is invited, storekeepers are bound to use ordinary care to keep their premises in a reasonably safe condition for the use of such invitees and to see that the premises are free from hidden or lurking danger. Their liability, however, is not that of an insurer against accidents upon the premises even as to persons whom they have invited to enter. Their liability to their invitees for injuries not intentionally inflicted, they not being insurers, must be predicated upon negligence and no presumption of negligence on the part of an owner or occupant arises merely upon a showing that an injury has been sustained by one

374

rightfully upon the premises. See 38 Am. Jur., Negligence, pp. 751, 752 and 791, and authorities there cited.

■ In *De Mars v. Heathman*, 132 Or. 609, 286 P. 144, the plaintiff, an employee of the defendant, slipped on a grease-spot on a stairway and sustained an injury for which she sought to recover from her employer who was in control of the premises. In that case, it was held, citing numerous authorities in support thereof, that, before the plaintiff could recover, there must be some evidence at least tending to show that the defendant, or its agents, knew or, by the exercise of reasonable diligence, could have known that the grease was there, before it could be held guilty of negligence. The court quoted with approval from 20 R. C. L., p. 13, as follows:

> "The foundation of liability, then, is knowledge —or what is deemed in law to be the same thing: opportunity by the exercise of reasonable diligence to acquire knowledge—of the peril which subsequently results in injury."

In *Hesse v. Mittleman*, 145 Or. 421, 27 P. (2d) 1022, which was an action by a tenant to recover from the landlord for an injury sustained by the tenant in slipping on an oiled floor, it was, in effect, held that the landlord was chargeable with knowledge of the slippery condition of the floor since that condition arose through the action of his agents and employees in oiling the floor.

In *Lyons v. Lich*, 145 Or. 606, 28 P. (2d) 872, this court, among other things, said:

> "* * * where the landlord is aware of the presence of a substance upon the floor which produces a slippery condition, and fails to remove it, the jury is warranted in inferring negligence upon his nonaction if the substance is not discernible to the invitees by the exercise of reasonable alertness."

In *Morrison v. Pacific Northwest Public Service Co.*, 146 Or. 225, 30 P. (2d) 344, which was an action by a passenger on a streetcar to recover damages for injuries sustained by slipping on a fresh plum on the vestibule floor, it was, in effect, held that before the passenger could recover he had the burden to prove that the conductor knew or should have known of the presence of the plum in time to remove it.

In *Gardner v. Regal Fruit Company*, 147 Or. 55, 31 P. (2d) 650, which was an action by a pedestrian against the proprietor of a fruit stand for injuries sustained by the pedestrian in falling on the sidewalk, caused by some slippery substance thereon, it was, in effect, held that before the pedestrian could recover he must show that the proprietor either caused the slippery substance to be on the sidewalk or that it was there for such time that, if the proprietor had exercised reasonable care, he would have known of its existence.

In *Saunders v. A. M. Williams & Co.*, 155 Or. 1, 62 P. (2d) 260, which was an action by a customer against the proprietor of a department store for injuries sustained from a fall on a slippery, oiled floor, it was, in effect, held that where the floor was made slippery by some foreign substance thereon, proof of knowledge of the owner of the premises of the slippery condition for a sufficient length of time before the accident was necessary to entitle the plaintiff to recover.

In *Lee v. Meier & Frank Co.*, 166 Or. 600, 114 P. (2d) 136, the facts of the case were very similar to those involved here. In that case, it was held that the owner of a mercantile establishment owes a duty to his customers to use the care of a reasonably careful and prudent person to keep the passageways used by the

customers in a reasonably safe condition so that the customers will not be exposed to danger unnecessarily. It was also held there that a storekeeper is not an insurer of the customers' safety. It was also held, in substance that where a customer stumbles over an object in an aisle in the store or slips on a foreign substance on the floor, the storekeeper is not liable unless he placed the object in the aisle or the slippery substance on the floor, or unless he had actual knowledge of its presence or constructive notice concerning it for a sufficiently long time.

■ The rule deducible from these authorities is that before the proprietor of a store can be held liable to a customer for an injury caused by slipping on some foreign substance on the floor, the evidence must show either that he or his agents placed it there or that they knew or, by the exercise of reasonable diligence upon their part, would have known that it was there and failed to remove it.

The proof offered by the plaintiff and rejected by the court was not in itself alone sufficient to establish liability upon the part of the defendant. The substance, as referred to by the witness, may have been dropped on the floor a moment before by some customer in the store, or it may have been removed immediately thereafter. Hence, standing alone and unaided by any other testimony, its rejection was proper.

The judgment, therefore, is affirmed.