Argued January 16, reversed July 30, petition for rehearing
denied October 8, 1958

## COWDEN v. EARLEY ET AL

327 P. 2d 1109

*Sidney E. Thwing*, Eugene, argued the cause for appellants. On the brief were Thwing, Jaqua & O'Reilly, Eugene.

*E. B. Sahlstrom*, Eugene, argued the cause for respondent. On the brief were Thompson & Sahlstrom, Eugene.

Before PERRY, Chief Justice, ROSSMAN, BRAND* and McALLISTER, Justices.

McALLISTER, J.

This is an action to recover damages for personal injuries sustained by the plaintiff, Elizabeth Cowden, when she slipped and fell in the Osburn Hotel owned and operated by the defendants, Ann Earley and Joe Earley, Jr. The jury returned a verdict for plaintiff and from a judgment based thereon, defendants appeal.

The defendants contend that there was no substantial evidence of any negligence on their part proximately causing plaintiff's injury and that plaintiff, as a matter of law, was guilty of contributory negligence. These contentions were raised in the trial court

---

* Resigned June 30, 1958.

by a motion for a directed verdict, a motion for judgment notwithstanding the verdict and an alternative motion for a new trial. The denial of each of these motions is assigned as error in this court. Since our conclusion as to the motion for directed verdict will be decisive of the appeal, we will confine our attention to that question.

Plaintiff was employed as a sales representative by the Stanley Home Products, Inc. and was injured on November 16, 1953 while attending a sales meeting held by her employer in a room in the basement of defendants' hotel in Eugene. The meeting convened at about 9:30 o'clock in the morning and was attended by about 60 to 70 persons. Plaintiff drove to the hotel in her car which she parked in the street nearby. She entered the hotel through the west entrance, crossed the lobby and walked down the stairway to the basement. The stairway led from the lobby to a rectangular landing eight feet ten inches long and five feet ten inches wide, the approximate width of the stairway. There was a bannister on the left side of the stairway and a handrail along the right wall extending from the lobby to the landing. From the side of the landing on the left, proceeding downstairs, there were two additional steps leading to the floor of the basement. The stairs and landing were covered with asphalt tile. It was raining during the morning.

The sales meeting was recessed about 11 o'clock so that those who had parked cars in the street could put coins in the meters. Plaintiff walked out to her car for that purpose. She left the hotel by the same stairway and entrance by which she had entered earlier in the morning. After placing a coin in the meter, plaintiff returned to the hotel by the same route and proceeded down the stairway using the handrail on the

right side. As she approached the landing, plaintiff for the first time noticed a wet spot about 18 to 20 inches in diameter near the center of the landing. The remainder of the landing was free from water or debris. As she crossed the landing she stepped on the wet spot and slipped and fell and as a result sustained an injury to her spine.

In her complaint plaintiff alleged that as she proceeded down the stairway and onto the landing "her foot was caused to slip on an accumulation of water and debris upon the *landing* of said stairway." Plaintiff further alleged that the defendants were negligent in the following particulars:

(1) In allowing water and debris to accumulate and lie upon the stairway and landing;

(2) In failing to adequately light the stairway and landing;

(3) In failing to provide a handrail along the landing; and,

(4) In failing to provide a handrail on the steps leading from the landing to the basement floor.

■ The rule of law applying to a case of this kind is well established. An invitee who is injured by slipping on a foreign substance on the floor or stairs of business property must, in order to recover from the occupant having control of said property, show either:

(a) That the substance was placed there by the occupant, or

(b) That the occupant knew that the substance was there and failed to use reasonable diligence to remove it, or

(c) That the foreign substance had been there for such a length of time that the occupant should, by the exercise of reasonable diligence, have discovered and removed it.

*De Mars v. Heathman*, 132 Or 609, 616, 286 P 144; *Morrison v. Pacific Nw. Pub. Serv. Co.*, 146 Or 225,

245, 30 P2d 344; *Gardner v. Regal Fruit Co.*, 147 Or 55, 58, 31 P2d 650; *Lopp v. First National Bank*, 151 Or 634, 638, 51 P2d 261; *Lee v. Meier & Frank Co.*, 166 Or 600, 604, 114 P2d 136; *Starberg v. Olbekson*, 169 Or 369, 373, 376, 129 P2d 62; and *Waller v. N. P. Ter. Co. of Oregon*, 178 Or 274, 304, 166 P2d 488.

■ Measured by the foregoing rule, we think the court erred in failing to direct a verdict in favor of defendants. Assuming that plaintiff was caused to fall by slipping on a foreign substance on the landing, there is not the slightest evidence in the record tending to prove that the defendants had placed the substance there, knew that it was there, or in the exercise of reasonable care, should have known it was there and removed it.

The plaintiff, who had walked across the landing and up the stairs only a few minutes earlier, testified that she saw the wet spot for the first time on her return to the basement when she was still a few steps above the landing. Two witnesses called by plaintiff testified to the presence of water on the stairs. One did not recall "there being water exactly on the landing. There was water up and down the whole stairway." The other, when asked what she had noticed with respect to the landing and steps, said "They were damp. They were wet where the traffic had been coming and going from the girls. The steps were wet." Whether or not there was water on the landing, in view of this evidence and the testimony of plaintiff, would have been a question for the jury. But there was a complete lack of evidence tending to show that the water on the landing, if any, had been there for such a length of time that defendant could, by reasonable diligence, have discovered and removed it. If some of the "girls" attending the sales meeting had tracked

water upon the stairway when returning from putting coins in parking meters, the water had been there only a few minutes. Plaintiff testified that there were pipes along the ceiling above the landing but nothing was offered to indicate that the wet spot might have been caused by a leaking pipe.

Although defendants are charged in the complaint with permitting water and *debris* to accumulate and remain upon the stairway and landing, there is not the slightest evidence tending to prove the presence of any debris. Although, as a witness, plaintiff did not identify the substance on the landing, in her complaint she alleged that the substance was water. The witnesses called by plaintiff identified the substance seen on the stairway by them as water. Although it is not necessary to decide the question in this case, we doubt that the presence of water on the landing by itself would constitute negligence. In *Lyons v. Lich*, 145 Or 606, 28 P2d 872, this court stated that in the absence of structural defects, an apartment house owner was not "required to place mats at entrance ways on rainy days, nor to mop up rainwater tracked into the entryway by customers, provided the condition of dampness is readily discernible to those who enter.", citing *S. S. Kresge v. Fader*, 116 Ohio St. 718, 158 NE 174, 58 ALR 132 and *Murray v. Bedell Co.*, 256 Ill App 247. See, also, *Dudley v. Montgomery Ward*, 64 Wyo 357, 192 P2d 617 and *Williams v. Kansas City Terminal Ry. Co.*, 288 Mo 11, 231 SW 954. The plaintiff's charge that there was an accumulation of both water and debris on the landing was an apparent attempt to avoid the consequences of the rule announced in the foregoing cases.

The evidence in support of the charge of inadequate lighting was not sufficient to warrant the sub-

mission of this charge to the jury. Even assuming that defendants were negligent in this respect, there is no proof that such negligence was the proximate cause of plaintiff's injury. Plaintiff testified that she saw the wet spot when she was a few steps above the landing. Such testimony precludes any serious consideration of her charge that the light was dim. The dimness of the light would be material only if it prevented plaintiff from seeing the condition of the landing. It is conceded that a light was hanging from the basement ceiling directly in front of the landing. Plaintiff testified that as one turned to go down the last two steps from the landing to the basement floor, this light "hit you directly in the eyes." This testimony implies an excess of light rather than any deficiency.

■ Plaintiff also charged that defendants were negligent in failing to provide a railing on the landing and on that portion of the stairway leading from the landing to the basement floor. This court in an action by a domestic servant who was injured by falling down the stairway in her employer's home, held that there is no common law duty to provide a handrail along a stairway. *Larson v. Papst*, 205 Or 126, 286 P2d 123. It is not necessary to now decide whether the same rule should also be applied in cases involving invitees injured in business buildings. In *Larson v. Papst*, supra, the court pointed out that there was no claim of any defect in the stairway itself. The same is true in this case where the only defect claimed in the stairway or landing is the lack of a handrail. We do hold that under the circumstances existing in this case, there was no duty to have a handrail around the landing nor along the two steps from the landing to the basement floor. We note from the photographs of the stairway that the bannister on the left side ended at a newel post

placed at the end of the first step between the landing and the basement floor. This post was available as a support if needed. For additional cases holding that there is no duty to provide a handrail along a stairway see *Coxey v. Guala et al.,* 112 Pa. Super 460, 171 A. 484; *Jellum v. Normanna Lodge No. 3,* 31 Wash2d 846, 199 P2d 108; *Mammana v. Easton Nat. Bank,* 338 Pa 225, 12 A2d 918; and *Wallimaa v. Maki,* 163 Minn 352, 204 NW 25.

Judgment for plaintiff is reversed and the cause remanded with instructions to enter a judgment for the defendants.