Argued April 13, affirmed April 27, reargued September 14,
reversed and remanded October 19, 1960

# SHEPARD *v.* KIENOW'S FOOD STORES

351 P. 2d 700
356 P. 2d 147

*Philip A. Levin*, Portland, argued the cause for appellant. With him on the brief were Harvey Karlin and E. Earl Feike, Portland.

*Wayne A. Williamson*, Portland, argued the cause for respondent. With him on the brief were Mautz, Souther, Spaulding, Denecke & Kinsey and Roland F. Banks, Jr., Portland.

Before MCALLISTER, Chief Justice, and WARNER, O'CONNELL and DUNCAN, Justices.

DUNCAN, J. (Pro Tempore)

1. Action for damages for personal injuries incurred August 2, 1956, by plaintiff, Mathilda Shepard, allegedly caused by the negligence of defendant, Kienow's Food Stores, when plaintiff fell on the floor of the retail store operated by defendant. Pursuant to verdict of the jury plaintiff had judgment for $1,700 general damages and $1,970.90 special damages, which judgment was entered April 24, 1958.

On May 23, 1958, pursuant to defendant's motion for judgment n.o.v. on the ground that defendant had made a motion for a directed verdict which should have been granted but was refused, the judgment for plaintiff was set aside and judgment entered for defendant against plaintiff. In conformance with the statute, the court also ruled on defendant's motion for a new trial which was joined with the motion for judgment n.o.v.

At the time of her fall plaintiff was a customer-invitee on the premises of defendant. Adjacent to the

store defendant maintained a parking lot for use of its customers, and plaintiff had parked her car therein immediately before entering the store. In substance the charge of negligence is that defendant permitted motor vehicles to park in close proximity to the store entrance; that grease and oil dripped from the vehicles and accumulated near the entrance and that persons entering the store picked up grease and oil on their shoes and deposited it on the floor at the entrance, causing the floor to become covered with grease and oil; that defendant failed to remove the grease and oil from the parking lot and from the floor of the store; and that defendant knew, or in the exercise of reasonable diligence should have known, of the presence of the grease and oil on the floor and that it failed to warn its customers thereof.

■ Defendant charged plaintiff with contributory negligence in failing to watch where or how she was walking and failure to keep a lookout.

Under the rule stated in *Cowden v. Earley et al.,* 214 Or 384, 327 P2d 1109, the parties are in accord that to prevail plaintiff must have proved:

1. That the substance causing her to slip and fall was placed on the floor by defendant, or
2. That defendant knew that the substance was there and failed to use reasonable diligence to remove it, or
3. That the substance had been there for such length of time that the occupants should have, by the exercise of reasonable diligence, discovered and removed it.

The testimony of plaintiff reveals that she drove her automobile to defendant's parking lot about 2:30 or 3:00 in the afternoon of the accident. Rain was then falling. In the parking area about 5 feet from and

right in front of the store door was a "kind of a hole" or a "pool" about 5 feet by 5 feet in size, containing grease and oil which had been there for several months before the accident. This hole or pool was obvious to plaintiff as she approached, so to avoid it she parked her car several spaces away from the store entrance. Concerning her entrance into the store, she testified on direct examination as follows:

"Q  You did not observe the floor was wet before you fell?

"A  I just went in like any other time.

"Q  Where were you looking when you walked in?

"A  I wasn't looking at any particular place. You don't have to look. You are supposed to be safe.

"Q  You didn't look at the floor as you walked in?

"A  No.

"Q  Where were you looking before you fell?

"A  I was just walking straight ahead."

About five feet from the first check stand, which was not far from the entrance, plaintiff slipped or skidded and fell to the floor. A customer at the first check stand helped her up. After the fall plaintiff saw an area about 3 or 4 feet in diameter containing oil, transmission grease and water, through which area appeared skid marks from her shoes. This accumulation looked to her like that in the parking lot. After falling, she noticed oil on her coat. Plaintiff had a locker in the store and for several years had entered the store 2 or 3 times a week on the average, but sometimes with longer intervals between visits. She had not previously seen grease or oil on the floor. The foregoing substantially stated plaintiff's case cover-

ing her fall and events leading up to it. There were no eye witnesses.

Plaintiff reported to Mr. Hall, the store manager, who later sent her to the hospital. He looked at the spot where she fell and testified that it was water and that he could see heel marks about ten inches long on the spot, but that he saw no grease or oil and that he had not previously seen an accumulation of grease or oil on the floor. Two clerks of defendant testified that they had seen no accumulation of grease and oil on the floor at any time.

The evidence received did not establish negligence on the part of defendant. At the same time plaintiff's failure to have looked at the floor when entering and walking ahead amounted to something less than the degree of care required of a person of ordinary prudence under the existing situation.

The entry by the trial court of the judgment n.o.v. in favor of defendant was proper.

Affirmed.

McALLISTER, C. J., specially concurring.

I concur in the result of the majority opinion on the sole ground that plaintiff failed to offer any substantial evidence tending to establish liability of the defendant under the rule stated in *Cowden v. Earley,* 214 Or 384, 327 P2d 1109, and the cases therein cited.

O'CONNELL, J., dissenting.

Considering the evidence most favorable to the plaintiff, the jury would be justified in finding that the defendant was negligent and that its negligence was the cause of plaintiff's injury. There was sufficient evidence from which the jury could conclude that the defendant was negligent in permitting trans-

mission grease and oil to accumulate and remain on the surface of the parking area immediately in front of the entrance to its store. It was foreseeable that one of defendant's invitees would slip on the grease and oil where it accumulated or track it on the other parts of defendant's premises, thus creating a similar hazard at a different place.

If plaintiff's testimony is accepted as true, she slipped on grease and oil similar to that found on the parking lot. We cannot say that it was impossible for plaintiff to find a similarity between the substance on which she slipped and the substance which she saw in defendant's parking area. There being evidence of this similarity it would be reasonable for the jury to infer that the oil and grease on the floor came from the accumulation in the parking lot. This would not invite the jury to mere conjecture. The similarity of the substance on the floor with that on the parking lot and the close proximity of the accumulation on the lot to the spot on the floor is sufficient to make more probable than not the connection between the two areas. The jury could have concluded that the oil and grease were tracked in from the parking area by defendant's customers. There was evidence that the oil and grease extended from the doorway of the store to the place at which plaintiff fell. She testified on cross-examination as follows:

"Q I'm not talking about your streaks, you understand. I'm talking about the substance on the floor.

"A It was brown.

"Q That was brown?

"A Yes.

"Q Now where was this brown substance?

"A It was in here (indicating), in the way, where you come in the store.

"Q Commencing where; all the way through?

"A Well, it went—I don't know how far it went.

"Q Did it commence at the doorway?

"A Yes.

"Q And it went all the way to the area where you fell?

"A Yes."

If the inference of cause and effect is supported by the greater probability plaintiff is entitled to reach the jury. I think that the evidence points to such greater probability in this case.

Since certain specifications were improperly submitted to the jury, the cause should be remanded for a new trial.

### ON REHEARING

On Rehearing

*Philip A. Levin,* Portland, argued the cause and submitted a brief for appellant.

*Wayne A. Williamson,* Portland, argued the cause for respondent.

O'CONNELL, J.

■ This cause was first heard in department. Our former opinion affirmed the lower court's action in entering a judgment n.o.v. for the defendant. A petition for rehearing was granted and the cause was heard by the court sitting en banc. Upon a reconsideration of the matter we have concluded that our former opinion was in error and that it must be withdrawn. The basis for our present conclusion is found in the dissenting opinion filed in the original case. Additional support for the position taken in that opinion may be found in *Eitel v. Times, Inc.,* 221 Or 585, 352 P2d 485 (1960).

There remains the question raised by defendant's alternative motion for a new trial. That motion was based upon the alleged error of the court in refusing to withdraw from the consideration of the jury various specifications of negligence alleged in plaintiff's complaint, and in permitting the jury to consider plaintiff's claim for loss of earnings. The motion was granted without any indication as to which of the grounds support the court's ruling.

Upon appeal, the particular grounds urged as a basis for sustaining the court's ruling is the alleged

error in refusing to withdraw from the jury the following specifications of negligence in subparagraphs 1 and 2 of paragraph IV of plaintiff's complaint. That paragraph, together with paragraphs III and V, reads as follows:

"III

"That on or about the 2nd day of August, 1956, the plaintiff herein, at the specific invitation of the defendant, drove onto said parking lot and parked her car therein and entered said grocery and variety store of defendant situated at 3038 N.E. Union Avenue, Portland, Multnomah County, Oregon, and generally known and referred to as store No. 9; that upon entering said store, plaintiff was caused to slip on certain grease and oil on the floor thereof and to fall heavily, causing the injuries more specifically set forth hereinafter.

"IV

"That at the time and place aforesaid, the defendant was careless and negligent in the following particulars, to-wit:

"1. That defendant permitted automobiles to park in such close proximity to the front entrance to said grocery and variety store that certain oils and greases dripping from said automobiles accumulated on the parking lot and more specifically in the area in close proximity to the front entrance to said store.

"2. That defendant permitted the accumulations of grease and oil to remain on said parking area and the sidewalk in front of the entrance to said store so that persons coming into the store through the said front entrance were caused to pick up said grease and oil upon their shoes and bring the said grease and oil into and upon the floor of said grocery and variety store.

"3. That defendant permitted the said floor at the front entrance of said store to become covered with grease and oil from the parking lot, the pres-

ence of which grease and oil on said floor they knew or in the exercise of reasonable care could and should have known.

"4. That the defendant failed and neglected to remove the said grease and oil from the parking lot and from the floor of the said store at the front entrance thereto in order to prevent persons entering said store from slipping and falling.

"5. That the defendant failed to warn its customers and more particularly the plaintiff, in making use of said parking lot and the front entrance to said store, of the accumulations of grease and oil upon the said floor of said store at the entrance thereto.

"V

"That the acts and omissions of defendant, as hereinabove set forth, and each of them, operating separately and concurrently, were and are the direct and proximate cause of the plaintiff's fall at the said time and place and of the injuries received by her as a result thereof."

■ The question is whether the court's instruction permitting the jury to find for the plaintiff, if defendant was negligent "in any one or more of the particulars set forth in plaintiff's complaint," was prejudicial to the defendant. We are of the opinion that the erroneous instruction was ground for a new trial.

It is plaintiff's position that it would not be reasonable to consider the first so-called specification of negligence independently, but that it must be read together with the second specification. It is not difficult for us to get the meaning intended to be conveyed by the separate allegations of fault, but the important question here is whether the jury might be misled. The instruction invited a consideration of each of the enumerated items of fault as a distinct basis for liabil-

ity. It is possible that the jury could have interpreted this to mean that defendant would be liable in this case merely by proving that it permitted automobiles to park in front of the defendant's store and as a consequence oil and grease accumulated in that area. Since this could have confused the jury with respect to defendant's duty, we are of the opinion that a new trial must be granted.

■ In our former opinion it was said that plaintiff's failure to look at the floor upon entering the store constituted contributory negligence. Proof that plaintiff failed to look at the floor does not establish that she was negligent as a matter of law. Whether plaintiff's failure to examine the floor constituted contributory negligence was a matter for the jury. *Miller v. Safeway Stores, Incorporated,* 219 Or 139, 346 P2d 647 (1959).

The judgment is reversed and the cause is remanded for a new trial.

Reversed and remanded.

McALLISTER, C. J., dissents.