# VANDERVEEN,
*Appellant,*

*v.*

# LEWIS,
*Respondent.*

## (No. 38-662, CA 15847)

615 P2d 1203

Thomas Sauberli, Portland, argued the cause for appellant. With him on the briefs was Vergeer, Roehr & Sweek, Portland.

Larry A. Brisbee, Hillsboro, argued the cause and filed the brief for respondent.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

WARDEN, J.

## WARDEN, J.

This is a negligence action brought by plaintiff, a domestic servant, who slipped and fell on a wet terra cotta tile floor in the home of defendant, her employer. Plaintiff's complaint alleged common law negligence on the part of the defendant and prayed for general and special damages. Defendants answer denied the allegations of the complaint and affirmatively alleged that the plaintiff herself was negligent. Plaintiff's reply denied the affirmative allegations of the answer. Defendant moved for summary judgment and both parties submitted memoranda and excerpts from depositions pertaining to the issues raised by the motion for summary judgment. The trial court entered a summary judgment in favor of the defendant. It is from this judgment that plaintiff appeals, contending that the trial court erred when it ruled as a matter of law that the evidence failed to present a jury question regarding the liability of the defendant. We affirm.

Plaintiff had been called specially by defendant to do some cleaning. Part of what plaintiff was asked to do was to clean the tile floors of the kitchen and dinette of defendants home with a liquid called "409." After plaintiff had partially completed the task, but while part of the dinette floor was still wet, defendant came to the dinette in her stocking feet and asked plaintiff to bring defendant a cup of coffee. (There is some conflict in the testimony as to whether defendant did not wish to go onto the wet floor because she didn't want to get her feet wet or because the floor was slippery. We do not deem defendant's reason material to this decision.) Plaintiff brought defendant a cup of coffee across the wet dinette floor. As plaintiff returned across the wet floor on her way to the kitchen, she slipped and fell. She sustained injuries in the fall.

Plaintiff had worked for defendant about one and one-half years continuously prior to this incident. She testified that the defendant did not give her instructions: "She just tells me she wanted the house

clean, and she left it to me how I want to have it regulated." During the period of her employment with defendant, plaintiff had cleaned the tile floors once each month or each five weeks, using the solution 409. She testified that she knew it was very slippery from her use of it in her own home as well as in the defendants home.

There was an alternate route available to the plaintiff between the coffeemaker and the dinette table. This was through the dining room and the family room. It was longer than the route plaintiff chose, but would not have necessitated her crossing the wet tile floor.

The evidence in this case is insufficient to raise a fact question as to whether defendant was negligent. *See Larson v. Papst,* 205 Or 126, 286 P2d 123 (1955). Plaintiff's fall and her injuries were the result of her own acts. Generally, the maintenance of residence floors in a slippery condition has been held not to constitute actionable negligence as to a domestic servant injured in falling on the slippery floor, even in the absence of participation by the servant in producing the slippery condition. 49 ALR2d 317, 332.

Affirmed.