## VINCENT COFONE, ADMINISTRATOR AD PROSEQUENDUM OF MICHAEL STUPELLI, PLAINTIFF,. v. CHARLES D. GNASSI AND ANGELO GNASSI, DEFENDANTS.

### Decided March 12, 1927.

**Negligence—Death of Pedestrian, Caused by Defendants' Automobile—Evidence of Negligence of Defendant Sufficient to go to Jury—No Sufficient Evidence That Plaintiff's Intestate was Negligent—Damages Not Excessive.**

On defendant's rule to show cause.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the rule, *McCarter & English* (*Augustus C. Studer, Jr.,* of counsel).

*Contra, Wilbur A. Heisley.*

PER CURIAM.

This cause was tried at the Essex Circuit and resulted in a verdict for the plaintiff, "who sued as administrator *ad prosequendum* and against the defendants for the sum of $5,000. The action was brought under the Death act, for the benefit of the widow of Michael Stupelli, an Italian day laborer, who, on May 3d, 1925, at about one o'clock in the morning, while crossing Bloomfield avenue, at or near the intersection of Abington avenue and North Eighth street, and had reached the center of Bloomfield avenue, about in the middle of the two tracks, was struck by an automobile driven by Angelo Gnassi, one of the defendants, son of Charles D. Gnassi, the owner of the automobile, the other defendant in the cause. In was conceded on behalf of the defendants that Angelo Gnassi was driving at the time for his father. As a result of the injuries sustained, Stupelli died, and hence the action was brought as above stated. The defendant obtained a rule to show cause why the verdict

should not be set aside and a new trial granted, and in the brief of counsel of defendants there are three reasons presented and argued to that end—(1) That the plaintiff failed to prove negligence. (2) The plaintiff's intestate was guilty of negligence which caused the collision in whole or in part. (3) The damages are excessive.

As to the first reason, we think it is clearly without merit. There was testimony tending to establish that the plaintiff's decedent, while apparently crossing a public thoroughfare and had in fact reached the center thereof, was struck by an automobile which was being propelled at a speed of thirty-five or forty miles an hour, and was hurled or dragged by the automobile to the curb where he was found lying immediately after the accident. From this latter circumstance alone the jury was warranted to infer that the deceased was hurled from the center of the street by the violence and force of the impact as a result of excessive speed, or that the deceased was dragged to the curb by the fast-moving automobile before the driver could obtain control and stop it.

The second reason advanced for a new trial is equally, as the first, without substance. The plaintiff's decedent was rightfully in the public street. He was not bound to anticipate that an automobile would be driven at such a rate of speed that the driver would lose control over its movements. The operator of the automobile admits that he saw the deceased in the middle of the tracks when the automobile was distant twenty feet from the place where the deceased was walking or standing, and says that he was driving the car at a speed of twenty miles an hour, and succeeded in stopping it within three feet after he struck the deceased. But, that in no manner establishes that the plaintiff's decedent was guilty of contributory negligence.

Contributory negligence is a defense and the burden of establishing it is on the defendant. We were unable to find any fact or circumstance in the reading of the testimony tending to establish negligence on part of the deceased contributing to his injury except that of the driver of the automobile to the effect that the decedent was intoxicated and

staggered in front of the automobile. But, even if the deceased was intoxicated, that by itself would not charge him with contributory negligence nor confer any right upon the driver of an automobile or any other vehicle to run him down. If the driver of a vehicle observes a drunken man in the street he is in duty bound to exercise the same degree of reasonable care that he would in the case of a child or helpless person. Whether or not the plaintiff's decedent walked in front of the automobile was a jury question, and the jury in determining that question had a right to consider the credibility of the testimony of the driver and in that regard take into consideration the influence which might exert itself on his mind to shield himself from consequence which might ensue to his detriment by having caused the death of the plaintiff's decedent through excessive speeding of the car which he was operating.

Nor do we think the damages are excessive. The deceased was forty-four years of age at the time of his death. He was a laborer, but had steady employment. His widow was fifty-eight years of age at the time of her husband's decease. He earned an average $48 a week. He gave his earnings to his wife. Both were in good health. We think the verdict was a moderate one.

Rule discharged, with costs.