Argued at Pendleton November 1; affirmed December 12, 1944

## McMILLEN *v.* ROGERS ET AL.

(154 P. (2d) 219)

Before BAILEY, Chief Justice, and ROSSMAN, LUSK, BRAND and HAY, Associate Justices.

454

*John F. Kilkenny*, of Pendleton (Raley, Kilkenny & Raley, of Pendleton, on the brief), for appellant.

*W. C. Perry*, of Pendleton (Randall & Perry, of Pendleton, on the brief), for respondents.

BAILEY, C. J. This action was brought by C. K. McMillen, administrator of the estate of Warren Stevens, deceased, for the benefit of the widow and minor child of the decedent, against Chance Rogers and Harold Barnett, co-partners, to recover damages for the death of Stevens, alleged to have been wrongfully caused by reckless and negligent acts of the defendants. From a judgment entered on the verdict of a jury in favor of the defendants, the plaintiff has appealed.

Error is assigned only in reference to the court's giving the following instruction:

> "In considering the question of negligence of the defendants, you should consider whether a reasonably prudent person under all the circumstances and conditions surrounding the accident would have anticipated that some one might attempt to pass between the two moving trucks and be injured thereby. If he would have so anticipated, then the

defendants would be negligent in moving the trucks as they did. If he would not have so anticipated, then the defendants would not be negligent in moving the trucks as they did. The question of whether or not they were negligent is for you to determine."

Before considering the plaintiff's exception to the foregoing instruction we shall set forth the facts and state the alleged grounds of negligence. The decedent, Warren Stevens, was on July 13, 1943, the date of the accident, and for some time prior thereto had been, employed by Clifton Kirk as operator of a truck hauling pea vines from the field to the viners, machines used in separating peas from the pods.

The viners involved in the decedent's work were stationed a short distance south of, and at right angles to, the highway leading to the city of Athena, on property leased by Kirk. There were four such machines, arranged in pairs, with a space from fifty to eighty feet wide between the nearer members of the two pairs. The testimony was not definite or certain as to the exact distance. The viners were placed with their length approximately north to south. Pea vines were fed into each viner at the south end thereof and passed through to the north end, where they emerged as threshed waste. At or about the middle of one side of each viner was a trough for receiving shelled peas. The machines stood with opposite sides together, so that a trough projected on both outer sides of the pair, on the east side of the easterly viner and on the west side of the westerly viner of each pair.

Boxes were filled with shelled peas at the troughs and were then removed and stacked ten or twelve feet away from the machines. In order to load trucks with filled boxes between the two pairs of viners without

interfering with the operation thereof, it was necessary to back each truck diagonally toward the viner it was approaching, in the open space above mentioned.

During the harvest season operations were carried on twenty-four hours a day, and at night the area was illuminated by electric lights, one light on each side and end of a pair of viners. In the space between the two sets of viners, slightly to the north of the machines, an open fire was kept burning at night, in order to provide warmth for the workers and to heat coffee for their midnight meal.

The accident involved herein occurred at or about three o'clock in the morning. A short time prior thereto the decedent parked his truck, loaded with vines, near the unloading or feeding platform of the westerly viner of the easterly pair. One of the defendants' trucks, which was being used for removing boxes of shelled peas, was parked near the same viner and was in charge of James C. Tottingham, an employee of the defendants. When Tottingham attempted to start the truck he found that the battery was dead. He thereupon summoned Wendell Kirk, a brother of the decedent's employer, to bring up his truck and tow away the one disabled. Wendell Kirk accordingly backed up his truck and attached a chain from it to the defendants' truck, which chain was two to four feet above the ground when taut and was long enough to permit a distance of twelve to fifteen feet between the towing truck and the one towed.

Just as Wendell Kirk started to pull away the disabled truck, the driver thereof, Tottingham, who was in the cab, observed the decedent on foot, only two or three feet from the front of the towed truck, crossing hurriedly from the right and going from the direction

of the fire toward his own truck. Tottingham immediately shouted a warning. But before anything could be done to stop him, the decedent stumbled over the towing chain and fell, and the left front wheel of the towed truck passed over his body. Both trucks were immediately stopped. The entire distance traveled by them was at most not more than fifteen feet.

Mr. Stevens lived about two days after being injured. His widow testified that during that time: "He said he was run over by a truck and he said the truck didn't have any lights on. He said he couldn't see the truck. There wasn't light enough to see the truck without the lights on. He said he stood until the truck with lights on passed and then tripped on the chains passing between them and fell under the front wheel of this back truck without lights on."

At all times there were at least twelve men working around the viners. It was not unusual for them to cross the space between the two sets of machines.

It is not disputed that the electric horn was not sounding and the lights were not burning on the towed truck, due to the battery failure, and that no one was stationed between the two trucks to give warning of their operation. There was testimony that the red and white lights on the rear end of the towing truck were burning. The jury could have found, however, that visibility at that particular time and place was such that a man walking between the two trucks could not easily have seen the towing chain connecting them.

The alleged grounds of negligence of the defendants, variously stated in the complaint, may be summarized as: (1) negligently permitting the storage battery of their truck to become useless so that it could not furnish sufficient electric power to operate the motor,

lights or horn; and (2) negligently failing to give warning of the movement of the towed truck or of the presence of the tow chain.

In their answer the defendants allege that the negligence of the decedent contributed to his injury; and that his injury and death occurred without fault or negligence on their part, in that the accident, as far as the defendants were concerned, was unavoidable.

The court in its instruction stated the issues involved and read to the jury the specifications of negligence set forth in the complaint. It then charged in part as follows:

"Negligence is defined as the doing of something which a reasonably prudent person would not have done, under all the circumstances and conditions then and there existing, or the failure to do something which a reasonably prudent person would have done under all the circumstances and conditions then and there existing.

"Now, if you find by a preponderance of the evidence that the defendants were negligent in any manner alleged in the complaint, and you further find that the said negligence, if any, was the proximate cause of the injury and death of Warren Stevens, then you should find for the plaintiff and against the defendants. This instruction must be considered together with the instruction on contributory negligence, which I later give you.

＊    ＊    ＊

"It was the duty of defendants to use reasonable care to avoid injuring the deceased, or that degree of care which a reasonably prudent person would have used and exercised under all the circumstances and conditions then and there existing.  ＊  ＊  ＊

"You are instructed that the law does not require that a truck shall be equipped with lights or horn

or other warning device when not operating on a highway, so it would not be negligence *per se,* or of itself, for the truck not to be so equipped, but whether it was negligence for the defendants to move the truck in the absence of said equipment in the manner in which they did move it, is a question for this jury to determine.''

Then followed the instructions quoted at the beginning of this opinion, to which part of the charge the plaintiff excepted on the ground that ''the instruction as given by the court as to what the defendants might have anticipated is too limited in that it limits their anticipation as to whether a reasonably prudent man could have foreseen or anticipated that a person might walk between the towing and towed vehicles and trip over the chain and does not take into consideration those features of the case whether they might have anticipated a man might be injured by reason of failure to provide a sufficient battery on the truck; that there were no lights on the truck and the horn would not sound irrespective of the actual place of the accident.''

It will be noted that the court in its instruction to which the quoted exception was taken did not mention the chain used in towing the disabled truck. What the court did was to submit to the jury the question of ''whether a reasonably prudent person, under all the circumstances and conditions surrounding the accident, would have anticipated that some one might attempt to pass between the two moving trucks and be injured thereby.'' It might reasonably have been anticipated that some one might be injured otherwise than by tripping or falling over the tow chain. On that account, had the court limited the instruction to apply only to the exact manner in which the decedent was injured, that is, by falling over the chain and under the front wheel

of the truck, it could plausibly be argued that such a charge was too restrictive in scope.

■ In the remaining part of the exception it is asserted that the instruction ignores the negligence of the defendants in permitting the battery of their truck to become useless so that it could not operate the motor, lights or horn. The assailed instruction does not, it is true, specifically mention the battery, lights or horn, but the failure of those facilities was treated as one of the "circumstances and conditions surrounding the accident". Moreover, prior to giving the instruction, the court had explained to the jury the issues involved and had read to it the specific charges of negligence.

The appellant states in his brief:

" . . . In the instant case, a person might have been injured by the action of defendants in moving the trucks as they did, without passing between the two moving vehicles or without stumbling over the tow chain. The motor van [towed truck] being dark and unlighted, a person could have been injured by coming in contact with either of the front wheels or front fenders or the sides of said truck while moving without in any way passing between the two moving vehicles."

We do not understand from the exception to the instruction under attack that the plaintiff was trying to point out to the court that the decedent or any one else might have collided with the side of the towed truck and been injured by so doing. All the charges of negligence contained in the complaint have reference solely to hazard present in front of the towed truck.

Again we quote from the appellant's brief:

"It is the appellant's contention that the question was not whether the defendants should have

anticipated the *particular occurrence,* but whether they should have anticipated whether some one might have been injured by their act.''

■ To support that statement the brief cites and quotes from, among others, the following authorities:

'' . . . In order to render a party liable for the consequence of his wrongful act, it is not necessary that he should have contemplated or been able to foresee the precise form or manner in which the plaintiff's injury would be received.''—*Aune v. Oregon Trunk Railway,* 151 Or. 622, 632, 51 P. (2d) 663.

''Liability for negligence is not predicated upon the necessity that the wrongdoer should foresee that an injury would result from his wrongdoing. It is sufficient that in view of all the circumstances, he should have foreseen that his negligence would probably result in injury of some kind to some one.''— *Horne v. Southern Railway Company,* 186 S. C. 525, 197 S. E. 31, 116 A. L. R. 745.

'' . . . It is not necessary that the defendant should have had notice of the particular method in which an accident would occur, if the possibility of an accident was clear to the ordinarily prudent eye. It is sufficient if it appears that the negligent act of the defendant would probably cause harm to another, even though the precise manner in which it occurred could not have been foreseen.''—Shearman and Redfield on Negligence, Revised Edition, volume one, pages 55 to 58, inclusive.

The foregoing excerpts correctly declare the law. Had the instruction here in question not contained the condition that the injury to be anticipated be received by some one passing between the trucks, it would indisputably have been in accord with the rule enunciated by the authorities cited.

■ Let us examine this instruction more closely. The language employed does not restrict its applicability to the ''particular occurrence'' here involved or to the ''precise form or manner'' in which the injury was received. It does not advise the jury that the defendants would not have been negligent, if a reasonably prudent person would not have anticipated the presence of the decedent between the trucks or anticipated that some one would trip over the tow chain and be run over by the towed truck. In view of the pleading and the evidence in the case, this instruction was not erroneous.

■ It is further contended by the appellant that the court in giving the instruction above quoted ''invaded the province of the jury and eliminated from the consideration of the jury the negligent acts, if any, of the defendants and their employees after the defendants saw or by the exercise of reasonable diligence should have seen that an accident might occur and that some one might be injured thereby.'' No such objection, however, was made at the time of the trial. Nor does the complaint allege that the defendants or their agents failed to exercise due care after discovering the decedent in a place of danger in front of the towed truck. Moreover, the plaintiff's own evidence shows that Tottingham, the driver of that truck and the only agent of the defendants connected with the accident, immediately upon noticing the decedent in front of the truck shouted a warning to him. And the evidence is uncontroverted that the two trucks were brought to a stop as soon as possible.

■ The final contention of the plaintiff is that the instruction to which exception was taken was inconsistent with and contradictory of that part of the charge hereinabove appearing as the second paragraph of the

instructions quoted as a group, to the effect that if the jury should find by a preponderance of the evidence that the defendants were negligent in any manner alleged in the complaint and that such negligence, if any, was the proximate cause of the injury and death of the decedent, it should find for the plaintiff and against the defendants. No such objection was made by the plaintiff in the circuit court. And we do not observe any contradiction in the instructions as given. That part of the charge to which exception was taken advised the jury what should be considered in determining whether or not the defendants were negligent; and the instruction which is said to be contradictory thereof told the jury how it should proceed if it found the defendants negligent and further found that their negligence was the proximate cause of the decedent's injury and death.

We have carefully examined the entire record in this case and are of the opinion that the plaintiff has had a fair and impartial trial. The judgment appealed from is affirmed.