Argued February 18; affirmed March 18; rehearing denied
April 8, 1947

## BELKNAP *v.* KLAUMANN

(178 P. (2d) 154)

*Lester Ahlgrim* and *Bruce Cameron,* both of Port-
land, for appellant.

*Randall B. Kester* and *William E. Dougherty,* both of Portland (with Maguire, Shields & Morrison, of Portland, on brief), for respondent.

Before ROSSMAN, Chief Justice, and LUSK, BELT, BAILEY, HAY and WINSLOW, Justices.

BELT, J.

This is an action to recover damages for personal injuries sustained as a result of being struck by an automobile while plaintiff, as a pedestrian, was crossing North Lombard street in the city of Portland, at about ten o'clock at night on the 17th of March, 1945. The accident occurred at or near where North Lombard street intersects at right angles with North Buchanan street. Plaintiff asserts that in crossing the street he went in the regular pedestrian lane and that he was hit by the automobile, driven by defendant, at about eight feet from the curb on the opposite side of the street. There was some testimony on the part of the defendant that plaintiff was not in the pedestrian crossing, but that he crossed the street on a diagonal course. The automobile driven by defendant was proceeding in an easterly direction, with lights burning, at a speed of approximately 28 miles per hour, on the righthand side of North Lombard street.

Plaintiff charges that the defendant was negligent in the following particulars:

"(a) In failing to give plaintiff the right-of-way when he was crossing the intersection of streets herein described in a regular pedestrian crossing lane.

"(b) In failing to keep his aforedescribed automobile under proper or any control whatsoever.

"(c) In failing to keep a lookout for persons in the cross-walk at the aforedescribed intersection and especially the plaintiff herein, and in failing to keep a proper or any lookout whatsoever generally for pedestrians in the said cross-walk.

"(d) In driving said automobile at an imprudent and excessive rate of speed considering the condition of traffic at the time and place and location of the accident without giving due regard to conditions of traffic and weather at said time and place."

The defendant denied the above allegations of negligence and alleged affirmatively that the plaintiff was guilty of contributory negligence in that:

"(1) * * the plaintiff failed to keep a proper or any lookout for vehicular traffic at said time and place, and particularly for the automobile of the defendant.

"(2) * * the plaintiff attempted to cross said street at a point not within any marked or unmarked cross-walk.

"(3) * * the plaintiff failed to yield the right of way to the automobile of the defendant.

"(4) * * the plaintiff suddenly left the curb which was a place of safety and walked into the path of defendant's vehicle when the same was so close that it was impossible for the defendant to avoid said collision.

"(5) * * the plaintiff attempted to cross said street at a point not within a marked or unmarked cross-walk at a time when the plaintiff knew or in the exercise of reasonable care should have known that defendant's automobile was so close that it was impossible for the defendant to avoid said collision.

"(6) * * the plaintiff was under the influence of intoxicating liquor, and was unable to properly control his own movements and was unable to exercise properly his senses and faculties."

Plaintiff, in his Reply, denied these specifications of negligence as set forth in the affirmative defense.

On these issues, the cause was submitted to a jury and a verdict returned in favor of the plaintiff in the sum of $14,500. On motion of the defendant, the judgment, based on such verdict, was set aside and a new trial was granted. From the order granting a new trial, the plaintiff appeals.

 The sole question is whether the court committed reversible error in giving the following instruction requested by the plaintiff:

"The driver of every motor vehicle upon the highways is bound to anticipate that he may meet infirm persons on a public street and to have his car under such control as will enable him to avoid injury by slowing up or, if necessary, by stopping, and if he fails to have his car under such control he would be guilty of negligence."

To comprehend fully the question presented by the instruction, it is deemed necessary to say further that plaintiff claims that while crossing the street he was aiding his friend, Joseph E. Curtis, who, because of a lame left foot, walked with a limp and somewhat dragged his left leg. There is testimony that Curtis was on the left side of the plaintiff as they crossed the street and that he had hold of plaintiff's arm. The defendant introduced evidence tending to show that the plaintiff and his companion were intoxicated and that both of them staggered as they walked across the street. The plaintiff denied that either he or his

companion was intoxicated. Defendant testified that he did not see the plaintiff or his companion until he was "right on top of them". The "black top" pavement was wet, although it was not raining at the time of the accident.

We think the instruction is erroneous and prejudicial to the defendant. The effect of this instruction was to make the defendant an insurer of the safety of the plaintiff. It is erroneous in that the question of knowledge by the defendant of the alleged infirmity of Curtis is eliminated. As stated in 38 Am. Jur., Negligence, § 23:

> "A man cannot be held responsible on the theory of negligence for an injury from an act or omission on his part unless it appears that he had knowledge or reasonably was chargeable with knowledge that the act or omission involved danger to another." Citing numerous authorities in support of the text.

The above instruction would have no application and would, indeed, be prejudicial to defendant if he did not know, or have any reason to believe, that Curtis had any physical infirmity. However, if defendant knew, or in the exercise of reasonable care ought to have known, of such alleged infirmity, it would have been incumbent upon him to have exercised care commensurate with the danger involved. This court, in *Weinstein v. Wheeler,* 127 Or. 406, 257 P. 20, 271 P. 733, 62 A. L. R. 574, involving a blind pedestrian, stated the rule which we think is applicable herein. The court said:

> "Those who drive automobiles on the streets of a city and who observe, or in the exercise of reasonable diligence ought to know, that a pedestrian is blind, must use care commensurate with the danger involved."

In *Brown v. Mayor & Council of Wilmington,* 27 Del. 492, 90 A. 44, the court said:

"It is a rule of law that one driving or operating a vehicle is bound to consider the lack of capacity of those in his way to care for their own safety, when such incapacity is known or should have been known by him, and the law exacts greater care toward those who are unable to care for themselves, as children, blind persons and in fact drunken persons, when such incapacity is known or should have been known by the one driving or operating a vehicle."

To the same effect, see *Cofone v. Gnassi,* 5 N. J. Misc. 343, 136 A. 505; *Deputy v. Kimmell,* 73 W. Va. 595, 80 S. E. 919, 51 L. R. A. (N.S.) 989, Ann. Cas. 1916 E, 656; *Carey-Reed Co. v. Carney,* 117 F. (2d) 108; 5 Am. Jur., Automobiles, § 188; Berry Law of Automobiles (7th ed.) § 2.377; Blashfield, Cyclopedia of Automobile Law and Practice, (Perm. ed.) § 1244.

Believing that the instruction is erroneous relative to a basic and fundamental principle of negligence, it follows that the order of the court in granting a new trial is affirmed.