Argued April 13, reversed and remanded June 14, 1961

# DANNER *v.* ARNSBERG ET AL
### 362 P. 2d 758

*Donald H. Joyce,* Portland, argued the cause and filed a brief for appellant.

*Warren Hastings,* Portland, argued the cause for respondents. With him on the brief were Phillips, Coughlin, Buell & Phillips, Portland.

Before McAllister, Chief Justice, and Warner, Perry, O'Connell and Lusk, Justices.

PERRY, J.

The plaintiff brought this action to recover for alleged personal injuries suffered. The jury returned a verdict for the defendants and the plaintiff has appealed.

The plaintiff and her husband became paying guests in defendants' hotel on the evening of September 19, 1957. On the morning of September 21, the plaintiff noticed some water on the ceiling of the bathroom and notified her husband of the defect. He called the desk clerk and a few minutes later the hotel engineer visited the room, inspected the ceiling, and stated that he would "take care of it." Plaintiff left the hotel to do some shopping and returned two hours later. She received her key from the desk clerk, without comment by either concerning the ceiling, and returned to her room to prepare for a luncheon. Shortly after her return, plaintiff went into the bathroom to use the toilet and while she was sitting on the stool a piece of Celotex, or similar material, fell, striking her on the head. She received no direct injury to her person from the falling tile itself, but was so startled or frightened she lunged forward, striking her knee on the bathtub, and this striking of her knee on the bathtub caused the injury for which plaintiff seeks damages.

The trial court gave the following instruction, which was duly excepted to by the plaintiff:

"In order for the condition of the ceiling in the defendant's hotel to constitute an unreasonable risk or danger, it is necessary that plaintiff prove an ordinarily prudent hotelkeeper would have concluded under similar circumstances that the condition of the ceiling would be likely to *cause injury of the same general character claimed by plaintiff*

*in this case* to the occupants of such room." (Italics ours)

■ While an innkeeper is not an insurer of the safety of his guests, he is required to exercise reasonable care in providing for their safety, and it is the breach of this duty, followed by injury, which creates liability. *Doherty v. Arcade Hotel,* 170 Or 374, 134 P2d 118.

■ The law having imposed upon an innkeeper the duty to exercise reasonable care for the safety of his guests, foreseeability goes to the question of negligence and asks whether or not the defendant as a reasonable prudent person ought reasonably to foresee that his act or omission would subject his guests to some harm. For if it can be said that a reasonable prudent person could not reasonably foresee that an injury might occur as the result of an act or omission, or if his conduct was reasonable in the light of what could be reasonably anticipated, there is no negligence and hence no liability. *Herring v. Springbrook Packing Co.,* 208 Or 191, 299 P2d 604, 300 P2d 473; *Belknap v. Klaumann,* 181 Or 1, 178 P2d 154; *Salmi v. Columbia & N.R.R. Co.,* 75 Or 200, 146 P 819, LRA 1915D 834.

■ It is not necessary that the defendants anticipate the precise consequences of their act. In the case of *Salmi v. Columbia & N.R.R. Co.,* supra, 75 Or 200, 205, we stated:

> "If, under all the circumstances in the exercise of ordinary care, a person can discern that his act will naturally and probably result in harm of some kind to another, but not necessarily foreseen as to the exact form of the injury, the former is liable in damages for the ensuing casualty."

See also *McMillen v. Rogers,* 175 Or 453, 154 P2d 219.

In 2 Restatement, Torts, 1173, Causation § 435, the rule is stated as follows:

> "If the actor's conduct is a substantial factor in bringing about harm to another, the fact that the actor neither foresaw nor should have foreseen the extent of the harm or the manner in which it occurred does not prevent him from being liable."

Limitations to this rule, of course, exist—such as an unforeseeable intervening cause, or the facts of the occurrence may be so extraordinary that it may be said the defendant's conduct was not negligent. *Herring v. Springbrook Packing Co.*, supra. These limitations are, however, not pertinent under the facts of this case.

■ Assuming then that the tile fell through negligence of the defendants, the plaintiff's fright and contemporaneous physical injury may be considered proximate and there may be a recovery. *Comstock v. Wilson*, 257 NY 231, 177 NE 431, 76 ALR 676; *Block v. Pascucci*, 111 Conn 58, 149 A 210; *Freedman v. Eastern Mass. St. Ry. Co.*, 299 Mass 246, 12 NE2d 739; *Kennell v. Gershonovitz Bros.*, 84 NJL 577, 87 A 130; *Howarth v. Adams Express Co.*, 269 Pa 280, 112 A 536.

Although the plaintiff was struck on the head by the material which fell from the ceiling, she received no injury to her head, but only to her knee when, from "the shock of it," as she expressed it, she "lunged forward and twisted and banged [her] knee into the tub."

■ The question is whether the jury was likely to understand from the instruction that the defendants would not be liable unless they could reasonably foresee an injury to the plaintiff that would happen in the manner thus described by the plaintiff. That question is highlighted by the fact that, although the injury

to her knee was the only injury alleged in the complaint or to which the plaintiff testified, counsel for the defendants was at pains to elicit from her on cross-examination the fact that she was not otherwise hurt, and in particular, that the plaster did not hurt her head.

Among other authorities to which counsel for the defendants call attention as supporting the instruction is Harper on Torts, 167. There the author cited a case in which the facts were that the plaintiff, while standing on a railway platform, was struck by the dead body of a person hit by the defendant's train at a nearby crossing. It was assumed that the accident at the crossing had been caused by the defendant's negligence. The text proceeds: (p 167)

"* * * Still, the plaintiff could not recover. There had been no unreasonable risk, and hence no negligence, with respect to persons in the plaintiff's position. There can be no recovery, thus, unless the plaintiff shows that he was one as to whom the defendant could apprehend danger. While it is not necessary, as will be seen later, that a defendant should have foreseen the precise sequence of events or manner in which the plaintiff was harmed, it is necessary that he should have foreseen some unreasonable hazard to the plaintiff or persons in his general position.

"It is also necessary that the plaintiff show that his harm belongs to the general class which made the defendant's conduct negligent. The actor's conduct was unreasonable, if at all, because it exposed others to certain peril. To be a wrong to the plaintiff for which he may recover, he must prove that he was exposed to and actually sustained harm of this general class. * * *"

Applying this principle to the instant case, counsel say in their brief that defendants became aware at

8:15 in the morning of a "trivial leak in the ceiling of plaintiff's bathroom," and that "to foresee the harm or injury complained of under the circumstances here detailed requires clairvoyancy."

This might be true if the statement refers to the particular manner in which the injury was caused; but it is not true if some injury to the person of the plaintiff is meant.

The rule relied on by the defendants must be stated with its limitations, or it is likely to be misleading. Thus, the first part of the rule which deals with the person injured is prefaced by Harper with the statement that "it is not necessary * * * that a defendant should have foreseen the precise sequence of events or manner in which the plaintiff was harmed." Again, the author says, p 169: "The exact manner in which the harm to the plaintiff is brought about need not be expectable or foreseeable. * * * But the general class of risks or threatened harms which makes a defendant's conduct dangerous, that is, the general kind of harm that is foreseeable, must include the one which the plaintiff has sustained or there has been, as to him, no breach of duty."

The instruction complained of does not include the precautionary language of Professor Harper. Without such language it could easily have misled the jury into the error of believing that the plaintiff had the burden of proving that "the exact manner in which the harm to the plaintiff" was brought about was foreseeable by the defendants—or, to put it more precisely, the jury might have concluded, in view of this instruction, that the defendants, not being "clairvoyant," could not have been reasonably expected to foresee that the plaintiff, when hit on the head by a piece of plaster from

the ceiling, instead of sustaining an injury to her head as the consequence, would injure her knee by banging it against the bathtub, and, therefore, that they were not liable.

Clearly, a jury could find that an innkeeper of reasonable prudence who had knowledge of water leaking into the ceiling of a bathroom in his hotel (and the evidence shows that the defendants had this knowledge) might reasonably be expected to anticipate that unless the leak was stopped the plaster would be loosened, material would fall from it, and strike a guest who happened to be underneath it, with resulting personal injury of some sort to the guest. This is all the "foreseeability" that the plaintiff was required to prove.

"The court decides whether the interest exposed or threatened is such as is entitled to legal protection and to the legal protection which is invoked. The jury, if the case is hard, decides whether the general class of harms threatened to a general class of persons includes the plaintiff's harm, and whether the harm occurred in such a manner as to make it just to hold the defendant liable, i.e., whether, on the whole, the duty prohibits the risk of the particular harm complained of." Harper on Torts, 253, § 108.

It would seem to be beyond question that to give the instruction complained of without further explanation of the meaning of the words "injury of the same general character claimed by the plaintiff" was prejudicial. In any instruction in this case dealing with foreseeability, the jury should be told that the question is whether the defendants, after notice of the condition of the ceiling, should reasonably have foreseen some personal injury to the plaintiff, and, in order to avoid misapprehension on the part of the jury, they should

further be told that this does not mean that defendants could escape liability simply because the exact manner in which the injury occurred was not expectable.

■ While a proper exception was not taken to the instruction hereinafter set out, in view of the fact that this case must be reversed and a new trial had, we feel duty requires that we point out the error therein. The instruction given is as follows:

"If you find that the condition of the ceiling would constitute an unreasonable risk or danger to the plaintiff, the defendants were entitled to a reasonable length of time in which to make the necessary repairs; accordingly, if you find that an unreasonable length of time had not passed between the time defendants were notified of the leak in plaintiff's room and the time that the plaster fell, plaintiff would not be entitled to recover and your verdict would be in favor of the defendants."

Nowhere in the instructions given by the trial court was there set out the duties of an innkeeper to maintain the premises in a reasonably-safe condition for his guests. As previously stated, although not an insurer, an innkeeper is at all times required to exercise reasonable care for the safety of his guests. *Vollstedt v. Vista-St. Clair,* 227 Or 199, 361 P2d 657; *Doherty v. Arcade Hotel,* supra; 43 CJS 1173, Innkeepers § 22; see Note 18 ALR2d 973.

The defendants, to support the propriety of the instruction, state reasonable diligence in repair or removal after knowledge of the hazard is all that is required of an innkeeper. Citing, *Cowden v. Earley et al.,* 214 Or 384, 327 P2d 1109, and *Starberg v. Olbekson,* 169 Or 369, 129 P2d 62. These cases have no application to the facts of this case. Each deals with a foreign substance on the floor or stairway on the

premises, which defect in the premises may be made safe by simple removal. In such a situation the law does not recognize a duty to exercise reasonable care, where the substance was not placed there by the occupier of the premises, until he has knowledge or has reason to know the substance was there. After knowledge, the question of whether his duty toward an invitee has been fulfilled is measured by his diligence in removing the foreign substance. See cases supra.

■■ Under the facts of this case, where the defect was in the premises itself, there is a full duty to use reasonable care under all of the circumstances. *Pritchard v. Terrill,* 189 Or 662, 222 P2d 652; 25 ALR2d 429; 2 The Law of Torts, Harper and James, 1499, § 27.14. Here it was for the jury to say whether the risk of harm to an occupant of the room was of such apparent imminence that it was the duty of the defendants in the exercise of reasonable care not to permit the room to be used by a guest until the defect had been repaired.

The instruction as given, however, advised the jury that the defendants, unqualifiedly, had a right to some time in which to make repairs regardless of the conditions existing, and took from the jury the right to find that the circumstances were such that the defendants were not entitled, as reasonable prudent persons, to any time to make repairs. The instruction was clearly erroneous.

Reversed and remanded for a new trial.