Argued June 8, affirmed July 30, 1965

# WUSTRACK *v.* BUILDERS SUPPLY COMPANY

404 P. 2d 796

*Asa L. Lewelling,* Salem, argued the cause and filed a brief for appellant.

*Robert G. Ringo,* Corvallis, argued the cause for respondent. On the brief were Ringo & Walton, Corvallis.

Before McALLISTER, Chief Justice, and PERRY, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

SLOAN, J.

Patricia Wustrack, plaintiff's 14 year old daughter, was killed while attempting to board defendant's truck in a parade at Corvallis. In this action for wrongful death, plaintiff recovered. Defendant appeals. The two assignments of error are directed at the court's refusal to direct a verdict for defendant.

The parade was one conducted annually by Oregon State University students as a part of the homecoming celebration. The parade was referred to as a noise parade and attracted a large and enthusiastic crowd. Noise was made by every conceivable device conjured up by ingenious students. Defendant had provided its truck and driver for the use of one group of students. The truck had a large low flat bed of the type commonly used to haul heavy equipment. The rear wheels were large, dual tandem wheels. They were uncovered and no device was used to protect persons on the truck from coming in contact with them. Students

literally swarmed over the bed of the truck, some of them climbing on and of.

Patricia, with some of her young friends, was a spectator. When the truck passed the girls, students on the truck urged them to climb aboard. In the process Patricia, by some means not well explained was caught in the rear tandem wheels and was crushed.

Plaintiff presented the case on the theory that defendant was negligent in furnishing an unsafe truck, knowing the purpose for which it would be used and with knowledge of the usual conduct of the students.

■■ Defendant first asserts that the students who asked for the use of the truck were bailees. They were not. Even if they were the issue of the negligence of defendant in permitting the use of this truck for the purposes intended would remain a jury question. 2 Harper & James, Torts, 1956, § 28.2, page 1536, et seq.

■ It was next argued that defendant had no duty to furnish a truck of different design. The design of the truck was probably immaterial. Defendant's manager, who agreed to provide the truck, testified that he knew how the truck would be used, that large numbers of students would ride on it and he was also aware of the activity that would occur on and around the truck. He stated that "these vehicles" are not passenger buses and that "they are dangerous to a certain extent."

■■ It was not necessary that defendant could have foreseen the precise tragedy that occurred. *Danner v. Arnsberg et al,* 1961, 227 Or 420, 362 P2d 785. It was enough that it could foresee a hazard. In this case, the testimony discloses, defendant virtually admitted that it could foresee danger to the persons using the truck. There was also evidence which would have permitted the jury to find that defendant was aware that persons

were likely to attempt to get on and off the truck while it was in motion. The question of the negligence of defendant and of the alleged contributory negligence of Patricia was for the jury to decide.

Judgment affirmed.