BLACKLEDGE,
*Appellant,*

*v.*

HARRINGTON et al,
*Respondents - Cross-Appellants,*

*v.*

DECKER,
*Cross-Respondent*

(No. 38-388, CA 15518)

624 P2d 119

494

James R. Cartwright, Portland, argued the cause and filed the briefs for appellant.

Peter R. Chamberlain, Portland, argued the cause for respondents - cross-appellants. With him on the brief was Bodyfelt, Mount & Stroup, Portland.

Larry A. Brisbee, Hillsboro, argued the cause for cross-respondent. On the brief were William H. Stockton, Schwenn, Bradley, Batchelor & Brisbee, Hillsboro.

Before Gillette, Presiding Judge, and Roberts, Judge, and Campbell, Judge Pro Tempore.

GILLETTE, P. J.

## GILLETTE, P. J.

In this action for personal injuries plaintiff appeals from the summary judgment granted in favor of defendants. We reverse the judgment. In addition, defendants/third party plaintiffs appeal from the sustaining of a demurrer and the subsequent granting of a motion to strike their claim for indemnity, as well as the summary judgment granted in favor of third party defendant on their claim for contribution. We affirm as to the indemnity claim and reverse as to the claim for contribution.

Plaintiff was injured when she fell on a flight of stairs while a guest at defendants' motel. The incident occurred while plaintiff and two friends were returning to their rooms after having eaten dinner in the motel's restaurant. They were descending a flight of stairs when one of plaintiff's companions was startled by the appearance of a large dog behind them on the stairs. The companion exclaimed and called a warning. Plaintiff, who was in the lead, started to turn around and, in doing so, missed a step and fell.

Third party defendant Decker is the alleged owner of the dog. Plaintiff filed separate suits against defendants and Decker, and defendants filed a third party complaint against Decker. The two cases were consolidated for trial. However, before trial Decker was granted a summary judgment against plaintiff in the case involving those parties. The original judgment order in favor of Decker in that case contained a finding that the presence of the dog was not the cause of plaintiff's fall. The judgment was later amended, however, to provide only that there was "no material issue of fact." That judgment was not appealed.

In the present proceeding, defendants filed a motion for summary judgment on the basis that the dog did not cause plaintiff's fall and that plaintiff was collaterally estopped to assert that the dog caused her fall, based upon the original judgment in the other case.[1] Defendants filed affidavits and a copy of the judgment in support of their

---

[1] Summary judgment was also granted on plaintiff's separate claim that defendants failed to provide adequate handrails. Plaintiff has not appealed that portion of the summary judgment.

motion. Plaintiff's attorney filed an affidavit in which he stated that he needed more time to respond to the motion for summary judgment.[2] The motion was not otherwise opposed by plaintiff.

The trial court granted the motion for summary judgment, although not on the basis of collateral estoppel. The court found that plaintiff would not have fallen had it not been for the excitable nature of her companion. It found that defendants were not responsible for the companion's excitable nature and concluded that plaintiff had not shown actionable negligence on the part of defendants.

The defendants' third party claim against Decker for indemnity had earlier been stricken after a demurrer was granted as to that count of the third party complaint. On the third party claim for contribution, the trial court found that Decker could not be liable to defendants even if defendants were liable to plaintiff because he had been found not to be liable to plaintiff by the summary judgment in the companion case.

■ The granting of summary judgment is appropriate when there is no material issue of fact and the moving party is entitled to judgment as a matter of law. *Seeborg v. General Motors Corporation,* 284 Or 695, 588 P2d 1100 (1978); *Wilford v. Crater Lake Motors, Inc.,* 277 Or 709, 561 P2d 1027 (1977); *Comley v. State Bd. of Higher Ed.,* 35 Or Ap 465, 582 P2d 443 (1978). We shall examine each of the summary judgments in turn.

### SUMMARY JUDGMENT FOR DEFENDANTS

■ We hold, first, that defendants have not shown that plaintiff is barred by collateral estoppel from asserting that the dog on defendants' premises caused her fall. Since *Bahler v. Fletcher,* 257 Or 1, 474 P2d 329 (1970), the requirement of mutuality as a prerequisite to collateral estoppel has been abandoned in this state. There are two conditions for the application of collateral estoppel by a non-party:

"First, there must exist an identity of issue between the prior action and the action in which estoppel is asserted;

---

[2] Because of our disposition of the summary judgment issue we need not reach plaintiff's contention that the trial court erred in failing to grant a continuance before deciding the motion for summary judgment.

and second, the party against whom estoppel is sought must have had a full and fair opportunity to contest the issue decided adversely to him." *State Farm v. Century Home,* 275 Or 97, 103, 550 P2d 1185 (1976); *see also Bahler v. Fletcher, supra.*

██ ██ The party asserting collateral estoppel has the burden of proving the elements giving rise to it, and this requires placing before the court the prior judgment and sufficient portions of the record to enable the court to reach the conclusion with the requisite degree of certainty. *State Farm v. Century Home, supra; Gaul v. Tourtellotte,* 260 Or 14, 488 P2d 416 (1971); *Burnett v. Western Pac. Ins. Co.,* 255 Or 547, 469 P2d 602 (1970). All that defendants submitted from the companion case in support of their motion here was the original judgment. That judgment, however, was amended by the trial court to include only a finding that there was no material issue of fact. On that basis, and with nothing else from the other proceeding in this record, defendants have not carried their burden of showing the required identity of issues. Plaintiff is not collaterally estopped from asserting that the dog caused her fall. Defendants were not, therefore, entitled to summary judgment on this ground.

As to the issue of causation, defendants contend that the undisputed evidence, consisting mainly of plaintiff's deposition testimony, shows that the dog was not the cause of her fall and, therefore, they are entitled to summary judgment on that basis. We disagree.

In *Brennen v. City of Eugene,* 285 Or 401, 591 P2d 719 (1979), the Supreme Court explained causation this way:

"If the defendant's conduct is a cause in fact of plaintiff's injury, the element of causation is satisfied, and concepts of 'negligence,' 'risk,' and 'foreseeability' are considered in determining the scope of defendant's duty and whether that duty was breached." 285 Or at 405.

The court went on to say that, in order for legal causation to exist in an action for negligence, the defendant's act must have been at least a "substantial factor" in bringing about the injury to plaintiff. 285 Or at 413.

■ In the case before us, it cannot be argued that the presence of the dog on defendants' stairway was not a cause in fact of plaintiff's fall, and we cannot say as a matter of law that it was not a substantial factor in causing that fall. Defendants are not entitled to summary judgment on this basis.

Even if we interpret the trial court's decision as incorporating the concept of foreseeability into the issue of causation, the granting of summary judgment was still not appropriate. The question presented by this theory is like that presented in *Stewart v. Jefferson Plywood Co.,* 255 Or 603, 469 P2d 783 (1970), where the court stated

"The specific question before us is, then, whether plaintiff's injury and the manner of its occurrence was so highly unusual that we can say as a matter of law that a reasonable man, making an inventory of the possibilities of harm which his conduct might produce, would not have reasonably expected the injury to occur. Stated in another way, the question is whether the circumstances are out of the range within which a jury could determine that the injury was reasonably foreseeable." (Footnote omitted.) 255 Or at 609-610.

Although that case did not involve a motion for summary judgment, we are presented with the same question. The motion for summary judgment may only be granted if defendants are entitled to judgment as a matter of law, given the facts as the parties have presented them. *See Seeborg v. General Motors Corporation, supra; Wilford v. Crater Lake Motors, Inc., supra.*

■ We cannot say that the way in which plaintiff was injured here was so unusual that a jury could not find that it was reasonably foreseeable. In so holding we note that

"It is not necessary that the defendants anticipate the precise consequences of their act. * * *

" 'If, under all the circumstances in the exercise of ordinary care, a person can discern that his act will naturally and probably result in harm of some kind to another, but not necessarily foreseen as to the exact form of the injury, the former is liable in damages for the ensuing casualty.' " *Danner v. Arnsberg et al,* 227 Or 420, 423, 362 P2d 758 (1961).

As stated in the Restatement (Second) of Torts § 435, 1173:

"If the actor's conduct is a substantial factor in bringing about harm to another, the fact that the actor neither foresaw nor should have foreseen the extent of the harm or the manner in which it occurred does not prevent him from being liable." (Quoted in *Danner v. Arnsberg et al, supra,* at 424.)

Under the facts presented here, a jury could find that the presence of a "large and energetic" dog on defendants' stairway, in a place where it would not ordinarily be expected to be, was a substantial factor in bringing about plaintiff's fall and that defendants could reasonably have foreseen that some harm would result from allowing the dog to roam the stairways, even if they might not have foreseen the exact manner in which this injury occurred.

The summary judgment in favor of defendants is reversed.

### *SUMMARY JUDGMENT FOR THIRD PARTY DEFENDANT*

As to the cross-appeal, defendants/third party plaintiffs contend that, if they may be held liable to plaintiff, then third party defendant Decker should be held liable to them. The third party complaint alleges two causes of action, one for indemnity based on Decker's alleged violation of a Washington County ordinance which requires that dog owners prevent their dogs from running at large, and one for contribution. The first (indemnity) cause of action was stricken upon motion of Decker after his demurrer had been sustained; the trial court granted summary judgment in favor of Decker on the second (contribution) cause of action. Defendants/third party plaintiffs assign as error both the striking of their first cause of action and the summary judgment.

In order to state a cause of action for indemnity, the claimant must plead that

"(1) he has discharged a legal obligation owed to a third party; (2) the defendant was also liable to the third party; and (3) as between the claimant and the defendant, the obligation ought to be discharged by the latter." *Fulton Ins. v. White Motor Corp.,* 261 Or 206, 210, 493 P2d 138 (1972); and *see* Restatement, Restitution § 76, 331 (1937); *U.S.*

*Fire Ins. Co. v. Chrysler Motors,* 264 Or 362, 505 P2d 1137 (1973).

The final requirement has been explained as follows:

> "* * * although the claimant must have been legally liable to the injured third party, his liability must have been 'secondary' or his fault merely 'passive,' while that of the defendant must have been 'active' or 'primary.' * * *." *Fulton v. White Motor Corp., supra,* at 210.

Although terms such as "active" and "passive," and "primary" and "secondary" do not provide clear guidelines, in *General Ins. Co. v. P. S. Lord,* 258 Or 332, 482 P2d 709 (1971), we are told by way of example that

> "* * * if a bus drove negligently and was hit by a truck driven negligently, and a bus passenger was injured, neither the truck nor the bus operator could secure indemnity from the other. * * *" (citation omitted). 258 or at 336-337.

■ Defendants/third party plaintiffs' complaint for indemnity here alleges that third party defendant allowed his dog to run at large in violation of the county ordinance; that plaintiff fell as a proximate result of being startled by the dog and filed suit against defendants; that the primary cause of plaintiff's fall was the negligence of Decker in allowing his dog to run loose on defendants' premises; and that defendants tendered defense of the suit to Decker, but that tender was not accepted.

The pertinent allegations by which plaintiff attempts to hold defendants liable are that defendants were negligent in the following ways: (1) in failing to provide plaintiff with an ordinary safe place to travel upon its premises; and (2) in failing to warn plaintiff of the dangerous condition existing at the time and place, including the existence of a large and energetic dog. From the two complaints it is clear that any liability defendants may have to plaintiff would have to be based upon a finding that defendants were themselves negligent. Neither complaint alleges any relationship between defendants and Decker or between their duties, faults or liabilities which would entitle defendants to indemnity from Decker. *See Page v. Cameron,* 33 Or App 441, 567 P2d 837 (1978). The claim was properly stricken.

■    Summary judgment was granted on the defend-ants/third party plaintiffs' contribution claim based upon the last sentence of ORS 18.440(1) which provides:

> "* * * There is no right of contribution from a person who is not liable in tort to the claimant."

The trial court reasoned that Decker had been found not to be liable to plaintiff in the companion case and, therefore, could not be held liable for contribution under the statute.

■    It is clear, however, that collateral estoppel may not be used as a basis for judgment in favor of Decker and against defendants in this proceeding. One of the require-ments for the application of collateral estoppel is that the party against whom the estoppel is sought must have had a full and fair opportunity to contest the issue decided ad-versely to him. *State Farm v. Century Home, supra; Bahler v. Fletcher, supra.* Defendants were not a party or in pri-vate with a party to the action by plaintiff against Decker in which summary judgment was entered in favor of Deck-er, and they therefore had no opportunity to contest the issue of Decker's liability. They are not estopped to assert that Decker is liable to them for contribution.[3]

Affirmed in part, reversed in part and remanded.

---

[3] Decker argues that the summary judgment in the action for contribution was not based on collateral estoppel, but rather on a finding that the mere presence of the dog was not a sufficient basis upon which to premise liability of the dog owner to the plaintiff. It is clear, however, that the only basis of Decker's motion for summary judgment, and the basis of the trial court's ruling, was the previous judgment in favor of Decker in the companion case.